Mary Helen CROWDER, Plaintiff-Respondent,

v.

Don James CROWDER, Defendant-Appellant.

No. 35760.

Missouri Court of Appeals, St. Louis District, Division One.

April 1, 1975.

Downs & Johnson, Gerald H. Johnson, Cape Girardeau, for defendant-appellant.

Limbaugh, Limbaugh & Russell, Stephen N. Limbaugh, Cape Girardeau, for plaintiff-respondent.

DOWD, Judge.

Proceeding by wife for divorce, wherein husband filed cross-bill for divorce. The trial court on September 7, 1973 granted the plaintiff-wife's petition for divorce and denied defendant's cross-bill for divorce. Plaintiff-wife was found to have been the injured and innocent party, and the trial court ordered the defendant to pay plaintiff alimony in the sum of $200.00 per month.

Defendant appealed claiming that there was insufficient evidence from which to find that the plaintiff was the injured and innocent party and further contending that the defendant should have been granted the divorce.

The evidence showed that the parties were married on August 29, 1947 and separated March 5, 1973. They had one child, a son who was emancipated.

Plaintiff's testimony, in relevant part, was to the following effect: that defendant had hit her "quite a number of times",

that he hit her both with his open hand and with a fist, and that on one occasion her jaw was dislocated; that defendant spent many nights away from home drinking; that in the past two years his drinking had gotten worse; that he had threatened her a number of times, including once when he threatened to shoot her with a gun; that he could not control his temper; and that she had strong evidence that defendant was associating with other women. For the most part this alleged conduct was neither denied nor explained by defendant.

In order to support a decree of divorce on the ground of indignities, plaintiff was required to prove wrongful acts over a period of time which were of sufficient gravity to make her life intolerable. Nahm v. Nahm, 477 S.W.2d 713, 715 (Mo. App.1972). Since this is a divorce action, we review the case upon both the law and the evidence, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. Rule 73.01(3), V.A.M.R.

On the basis of the testimony referred to above, we cannot say that the court was erroneous in finding plaintiff to be the injured party. Defendant's conduct, as testified to by plaintiff, fully warrants a finding that he was guilty of such indignities as to render her life with him intolerable. See Spainhower v. Spainhower, 441 S.W.2d 755 (Mo.App.1969); Pointer v. Pointer, 251 S.W.2d 334 (Mo.App.1952).

In order to sustain the decree, however, it is also necessary that plaintiff prove she was an innocent party—i. e., that she herself was not guilty of such conduct as would have entitled defendant to a divorce. Plaintiff testified that subsequent to her separation from defendant she had spent the night with a certain man on about ten separate occasions. She specifically stated that they did have sexual intercourse. As said, the divorce decree was entered by the trial court on September 7,

1973. As of that date adultery was of course one of the statutory grounds for divorce. Section 452.010 RSMo 1969, V.A. M.S. Thus one who has committed adultery cannot be adjudged an innocent party as that term is used here. While the evidence may show plaintiff to be innocent of any misconduct before the time of the parties' separation, the statutes make no distinction between conduct occurring prior to or subsequent to that time. Hugeback v. Hugeback, 444 S.W.2d 23, 27 (Mo.App. 1969). Plaintiff's admitted adultery must therefore preclude a finding that she was an innocent party. See Day v. Day, 433 S.W.2d 52 (Mo.App.1968).

Having found that plaintiff was an injured party, defendant likewise cannot be innocent. His conduct was sufficient to establish that plaintiff had a valid ground for divorce. This case comes within the general rule that where both parties have a valid ground for divorce neither is entitled to relief. Gregg v. Gregg, 416 S.W.2d 672, 675 (Mo.App.1967).

Plaintiff suggests that if this court is unable to affirm the judgment awarding her a divorce and alimony because of her "indiscretion", we should nevertheless find that the trial court "correctly decided the case below following the no fault philosophy." We disagree. Neither the trial court nor this court can apply the provisions of the new Divorce Reform Act (Sections 452.300 to 452.415, RSMo Supp. 1973) which is also referred to as the "no fault" divorce law. This act did not become effective until January 1, 1974. This case was tried and the judgment entered on September 7, 1973.

Judgment as to plaintiff's decree of divorce and alimony is reversed and affirmed as to the denial of defendant's cross-bill for divorce.

WEIER, P. J., and RENDLEN, J., concur.