**Judith Ann CREWS, Respondent,**

v.

**Floyd Henry CREWS, Appellant.**

**No. 42117.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 26, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1980.

Application to Transfer Denied
Dec. 15, 1980.

3. Op. Att'y Gen. 148 (1968).

Charles M. Schmidt, Clayton, for appellant.

Martin J. Toft, St. Louis, for respondent.

REINHARD, Judge.

Husband filed a motion to modify that portion of the parties' divorce decree awarding alimony to wife. From the court's order overruling his motion, he appeals. We have reviewed the record and affirm.

The parties were divorced in 1973 and the general custody of their minor child was given to the wife. The decree required the husband to pay the wife $400 per month alimony and $200 per month child support.

On September 29, 1978, husband filed a motion to modify that portion of the divorce decree allowing alimony to the wife. He requested a reduction in alimony based upon the following alleged changed circumstances: (1) that he was no longer employed by H.B.E. Corporation but was now employed by Forrest Echos, (2) that his salary had been reduced from $1,650 per month, the amount that he received at the time of his divorce, to $500 per month, and (3) that the wife was now employed and capable of supporting herself.

A hearing was held on the motion on July 18, 1979. The evidence revealed that at the time of his divorce in August 1973, the husband, a certified public accountant employed by Price Waterhouse, was earning approximately $20,000 per year. Shortly thereafter, he was employed by H.B.E. Corporation as corporate controller for the commencing salary of $22,500. In April 1978, he resigned his position. At the time, he was earning $33,500 per year. He was then employed in a pet shop known as Forrest Echos, which was owned by his second wife and her brother, at a salary of $500 per month. In April 1979, after he had filed his motion to modify, but before the hearing he returned to H.B.E. Corporation as controller at a salary of $42,000 per year, with the possibility of receiving a bonus at the end of the year.

The wife was unemployed at the time of the divorce, and had no college education. At the time of the hearing, she was employed as an unskilled coding clerk with a

take–home pay of $385 per month. Wife's income and expense statement reveals that the total expenses for her and the child exceeded the amount of alimony, child support, and take–home pay that she received. The record reveals no other income. The husband admitted in his testimony that since 1973, inflation had drastically reduced the purchasing power of the $400 per month maintenance award and the $200 per month child support award.

The court overruled the husband's motion to reduce alimony payments and ordered him to pay the wife's attorney the sum of $1,300 in attorney's fees and $138 in suit money.

The husband contends that the trial court erred in that it failed to consider the changed circumstances of the wife's employment. We do not agree.

■ Under § 452.370, RSMo 1978, the court may modify a maintenance decree "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Here, there was evidence of changed circumstances, but we cannot conclude that they are so substantial as to make the $400 alimony provision unreasonable.

The husband also contends the court failed to consider the fact that "the original award of alimony (maintenance) granted to appellant was prior to the present Missouri Decree of Dissolution Act." He argues that a different attitude toward marriage prevailed then, and cites *In re Marriage of Neubern*, 535 S.W.2d 499 (Mo.App. 1976). He concludes that the court erred in failing to consider the set of factors governing an award of maintenance under the new dissolution act § 452.300 to § 452.415, RSMo 1978.

■ Section 452.415(3), RSMo 1978 makes the new dissolution act, including section 452.370, applicable to proceedings to modify judgments entered prior to January 1, 1974. Therefore, section 452.370, RSMo 1978 governs the disposition of the motion to modify, not the factors governing an award of maintenance under the new act,

enumerated in section 452.335, RSMo 1978. *Sifers v. Sifers*, 544 S.W.2d 269, 270 (Mo. App. 1976).

We hold the court's order is supported by substantial evidence and is not against the weight of the evidence. Neither does it erroneously declare nor apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The husband's final point on appeal is that the trial court erred in that it ordered the husband to pay the wife's attorney's fees, pursuant to a written stipulation agreed to in advance by counsel, when it was "tacitly understood between counsel that these payments were to be limited to the cost of taking depositions and the necessary attorney's fees in the preparation for the taking of said depositions and the time spent in taking same."

■ The stipulation referred to is clear and unambiguous, and belies the husband's claim. It states that the husband will pay the reasonable attorney's fees of the wife in defense of the motion to modify. It goes on to say that "in addition," he will pay the reasonable costs of the wife's discovery, including the taking of depositions. His contention that the stipulation was meant to cover only the cost of discovery is clearly refuted on the face of the stipulation. The award of attorney's fees and suit money is supported by the record.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.