Virgil HERING, Appellant,

v.

James O. CONE, Respondent.

No. 42988.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 23, 1981.

William O. Green, Memphis, for appellant.

Keith W. Hicklin, Memphis, for respondent.

REINHARD, Judge.

Plaintiff appeals from an order of the trial court dismissing his petition to set aside a default judgment against him as garnishee.

Plaintiff was garnishee in an action filed in the Scotland County Circuit Court, Cause No. 15275. A default judgment was rendered against him on April 19, 1976. Plaintiff then filed a petition for review under Rule 74.12 which was denied by the court. On September 13, 1979, plaintiff sought equitable relief by filing a petition which asked the court to vacate and set aside the default judgment.

Plaintiff's petition alleged several reasons why the court should set aside the default judgment. Various documents pertaining to the original action were attached to the petition, including a transcript of the hearing held on April 19, 1976, a copy of the Writ of Attachment directing the sheriff to summon plaintiff as garnishee to appear in court within 30 days to answer interrogatories, a copy of the Sheriff's Return showing service of the writ on plaintiff, and a copy of the Interrogatories to Garnishee.

According to plaintiff's petition, he was served with a summons of garnishee close to the date of execution of the writ. Thereafter, he received the interrogatories which he answered and sent to the court. (He did not sign the document.) Plaintiff admitted in his petition that he made no further appearance in the proceedings. In his answer to the first interrogatory, plaintiff stated that since the time of the service of the summons of garnishee, he had in his possession property belonging to the defendants in the original case. On May 14, 1980, the trial court sustained defendant's motion to dismiss plaintiff's petition which, among several grounds, alleged that the petition failed to state a cause of action.

On appeal, plaintiff contends that the court erred in sustaining defendant's motion to dismiss plaintiff's petition in that plaintiff's cause of action is not barred by the time limitations of Rule 74.32 because the default judgment challenged by plaintiff's petition was rendered without jurisdiction and is void. Rule 74.32 provides: "Judgments in any court of record shall not be set aside for irregularity, on motion,

unless such action be made within three years after the rendition thereof." Here, plaintiff's action was brought more than three years after rendition of the default judgment.

The question of jurisdiction may be raised at any time, and a judgment entered without jurisdiction is void and may be attacked collaterally. *Angle v. Owsley*, 332 S.W.2d 457, 459 (Mo.App.1959). Here, plaintiff's petition alleged that the court was without jurisdiction. However, the record before the trial court prior to its ruling on the motion to dismiss reveals that plaintiff was served by the sheriff with a writ of attachment and summons of garnishee and that he responded by answering the interrogatories to garnishee and submitting them to the court. Plaintiff admitted that since the time he was summoned as garnishee, he had property belonging to the defendants in the original case. Rather than showing lack of jurisdiction, the record reveals that the court had jurisdiction of the person as well as subject matter. Therefore, the court properly dismissed the plaintiff's petition.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.