Gussie & Elijah MOON,
Plaintiffs-Appellants,

v.

TOWER GROVE BANK & TRUST CO.,
Defendant/Third Party Plaintiff,

v.

Paul A. HENNERICH III, Third Party
Defendant, Defendants-Respondents.

No. 45518.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 6, 1983.

Charles J. McMullin, St. Louis, for plaintiffs-appellants.

Joseph H. Mueller, St. Louis, for Tower Grove Bank.

Homer N. Mastorakos, Chesterfield, for Paul A. Hennerich, III.

PUDLOWSKI, Presiding Judge.

Plaintiffs-Appellants Moon brought a libel action against defendant/third party plaintiff-respondent Tower Grove Bank and Trust Company and third party defendant-respondent Paul A. Hennerich, III. On appeal, appellants argue that the trial court erred in dismissing their petition on the basis of the collateral estoppel effect of two prior court orders. We reverse.

Respondent, Tower Grove Bank, originally sued appellants Gussie and *Elizah Moore* in St. Louis County Magistrate Court under a promissory note allegedly co-signed for Gussie's daughter. On April 21, 1976, a default judgment was entered by the magistrate judge against appellants, Gussie *Moor* and *Elizah Moor.* At respondent's request, the default judgment was set aside and the last names of appellants were amended from "Moor" to "Moon" and reset for trial.

Postcard notices of the new setting date were then sent to Gussie *Moon* and *Elizah Moon.* Thereafter, on May 12, 1976, a second "Judgment in Default" was entered against appellants who had not appeared for the court hearing. Pursuant thereto, the bank's attorney, Paul A. Hennerich, III, requested and was granted an execution and garnishment against appellants.

On September 14, 1977, appellants brought suit against the St. Louis County Sheriff, his deputy and the bonding company for the return of the garnishment alleging that the sheriff's service was defective. On November 2, 1977, the sheriff filed a motion to dismiss appellant's petition. The Magistrate Court sustained the sheriff's motion but without giving reasons for the judgment. No further action was taken against those parties.

Subsequently, in 1979, appellants filed suit against respondent Tower Grove Bank and Trust Company. Tower Grove filed a third-party petition, as third-party plaintiff, against Paul A. Hennerich, III as third-party defendant (which parties, Tower Grove Bank and Trust Company and Paul A. Hennerich, III, are hereinafter referred to jointly as respondents). The cause of action was assigned to the circuit court in St. Louis. On January 11, 1982, respondents filed a motion to dismiss on the basis that appellant's suit was barred by the doctrine of collateral estoppel. Thereafter, on February 24, 1982, the trial court entered its order sustaining the motion to dismiss on grounds of collateral estoppel.

Appellants allege several reasons why this court should set aside respondent's motion to dismiss on the grounds of collateral estoppel. We need only address one—whether the magistrate court, due to im-

proper service of process, both in the original action of Tower Grove against Gussie and Elizah Moon and also for the trial resetting, lacked jurisdiction over appellants so that the second default judgment was null and void resulting in no finding on the merits of respondent's cause of action.

■ Respondents acknowledge the procedural defects in the original summons delivered to the residence of Gussie and *Elizah Moor.* In addition to the error in the name, appellants allege that the service of process was defective in that the summons was left with a niece under the age of fifteen years in violation of Rule 54.13. Furthermore, an issue had arisen regarding a violation of the required ten day statutory period, 516.080 RSMo 1979, in that the sheriff failed to serve appellants at least ten days before the original trial date. As a result of the procedural defects, respondents, at their own request, petitioned the trial court to set aside the default judgment against appellants and reset the cause for a new trial to which the trial court acceded. Upon receiving the new trial date, respondent had postcard notices sent to the Moons' residence but misnamed Elijah Moon as "Elizah." Regardless of the misnames, this service was also improper.

■ We have no doubt of the power of the court to entertain the action and enter its second default judgment if it had obtained jurisdiction over the persons of Gussie and Elijah Moon. But this is not an instance where personal service has been obtained upon a defendant by the wrong name. It has long been the rule in Missouri that a summons personally served upon the right party by the wrong name is good service. *See Parry v. Woodson,* 33 Mo. 347 (1863), and *see also, Aman Collection Service, Inc. v. Burgess,* 612 S.W.2d 405 (Mo. App.1981). Neither does the original attempt at "abode" service nor the subsequent mailing of the postcard fall within any prescribed statutory method of giving notice to a defendant other than by personal service (e.g. substituted service or publication). In *Blackburn v. Holmes,* 317 S.W.2d 408, 413[2] (Mo.1958) our Supreme Court stated as follows:

> Abode service under Section 506.150(1) while personal in the sense that it will support a judgment in an action in personam, is nevertheless substituted personal service, and the cases refer to and treat it as being substituted or constructive service. *Feurt v. Caster,* 174 Mo. 289, 73 S.W. 576; *Laney v. Garbee,* 105 Mo. 355, 16 S.W. 831; *Rosenberger v. Gibson,* 165 Mo. 16, 65 S.W. 237; *Chamberlain v. Blodgett,* 96 Mo. 482, 10 S.W. 44. In the latter case, this was said: "In the case of substituted service, or service by publication, no one is served who is not named, or, what amounts to the same thing, who is incorrectly named; while in case of personal service, the right party is actually served by delivery of the writ, though he is not correctly named therein."

The postcard, even if it met the statutory requisites for constructive service and it does not, fails because of the misnomer. Nor does the postcard satisfy the requirements for personal service. Personal service upon an individual shall be made "by delivering a copy of the summons and petition to him personally or by leaving a copy of the summons and petition at his dwelling house or usual place of abode with some person of his family over the age of 15 years . . . ." Rule 54.13. We hold respondents' failure to request proper service of process on appellants after the first default judgment was set aside, deprived the court of jurisdiction over appellants at the second setting on the original cause of action.

■ The question of jurisdiction may be raised at any time. *Hering v. Cone,* 622 S.W.2d 703 (Mo.App.1981). A personal judgment rendered by a court without personal jurisdiction over a party is void and may be attacked collaterally. *Crouch v. Crouch,* 641 S.W.2d 86 (Mo. banc 1982). The trial court's order sustaining respondent's motion to dismiss on the basis of collateral estoppel was in error. Accordingly, reverse the trial court's order and remand for trial.

SMITH and KELLY, JJ., concur.