A.T. KNOPF, INC., Plaintiff-Respondent,

v.

Harlow R. RICHARDSON, Treasurer of St. Louis County, St. Louis County Bank, Garnishee, St. Louis County, Missouri, Intervenor, Defendants-Appellants.

No. 47010.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 5, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Irene J. Smith, Timothy L. Grosch, County Counselor's Office, Clayton, for defendants-appellants.

Christopher G. Kelleher, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Judge.

This is an appeal from an order denying a motion to intervene in a garnishment proceeding. Our original opinion was withdrawn on March 13, 1984. We reverse and vacate.

On December 27, 1976, plaintiff-respondent, A.T. Knopf, Inc., and intervenor-appellant, St. Louis County, Missouri (County), executed an agreement that provided, *inter alia*, that respondent place thirteen thousand sixty-five dollars ($13,065.00) in an account held by County for the purpose of payment for construction of certain road improvements by County. The agreement was signed on behalf of County by the Chairman of the St. Louis County Department of Highways and Traffic and the St. Louis County counselor. Allan T. Knopf, President of respondent corporation signed on behalf of respondent. Harlow R. Richardson, Treasurer of St. Louis County, signed the agreement as certification that respondent had deposited the cash sum in the Treasury of St. Louis County Special Transit Account.

On January 22, 1981, respondent filed a petition against Richardson alleging that said agreement between respondent and County was void ab initio on the grounds that it violated the Rule Against Perpetuities. The St. Louis County Circuit Court issued a default judgment against Richardson finding that said agreement was void ab initio and that respondent was entitled to recover the principal sum of thirteen thousand sixty-five dollars ($13,065.00) plus interest of three thousand four hundred fifty dollars ($3,450.00).

Subsequently, County filed a motion to set aside the default judgment. This motion was overruled on September 18, 1981. No appeal was taken. A writ of sequestration was then issued against Richardson. The circuit court quashed execution of the writ holding that the judgment against Richardson was a judgment against him in his official capacity and not as a private individual.

On December 29, 1981, a writ of execution and garnishment was issued. On January 11, 1982, St. Louis County Bank (Garnishee) filed its Motion to Quash Execution. On February 4, 1982, County filed its motion to quash. County's motion was overruled on March 11, 1982. County then filed a Motion to Intervene on March 31, 1982. On November 15, 1982, Garnishee's Motion to Quash and County's Motion to Intervene were permitted to be withdrawn by the circuit court. Both motions were refiled in January, 1983. After a hearing, the circuit court, *inter alia*, denied County's Motion to Intervene and Garnishee's Motion to Quash Execution. On March 14, 1983, the circuit court ordered garnishee to pay into the registry of the court the sum of seventeen thousand, five hundred ninety-three dollars and thirty-nine cents ($17,593.39).

On appeal, County alleges that the circuit court was without jurisdiction because Harlow R. Richardson, Treasurer of St. Louis County, was not an authorized representative of County and as a result, County was not a party to the lawsuit. In the alternative, County argues that the circuit court erred in denying County intervention because County was entitled to interven-

tion as a matter of right. Missouri Supreme Court Rule 52.12(a)(2).

In the case at bar, respondent filed an action in St. Louis County Circuit Court against Harlow R. Richardson, Treasurer of St. Louis County. The circuit court entered a default judgment against Richardson, in his official capacity as treasurer, when he failed to appear. A general rule of res judicata is that a political subdivision is only bound by judgments in which it or its authorized representatives were parties to the suit. A judgment for or against a public officer, in an action brought by or against him in his official capacity, is conclusive on the municipal corporation which he represents. *Varnal v. Kansas City,* 481 S.W.2d 575 (Mo.App. 1972).

Both parties agree that Richardson was not a party to the agreement. Richardson merely signed the agreement as certification that respondent had deposited the cash sum in the Special Transit Account of County's treasury. Thus, the issue at bar is whether Richardson was merely a ministerial employee of County or a representative acting in an official capacity and lawfully designated to be served with a copy of summons and petition. Rule 54.13(a)(4).

St. Louis County Charter, Section 4.060 provides in relevant part: "[t]he director of administration shall appoint, under the merit system, the treasurer of the county who shall: (1) receive and retain *custody* of all public funds belonging to or handled by the county or any of its officers." (Emphasis added). Further, Section 303.020, St. Louis County Revised Ordinances provides that "[t]he County Treasurer shall pay out moneys on warrants approved and signed by the Accounting Officer and County Supervisor *and not otherwise.*" (Emphasis added). When both sections are read in conjunction, it is apparent that "custody" does not mean "control." By definition, Section 303.020 prohibits Richardson from paying out money unless authorized by the accounting officer and the county supervisor. Richardson did not have such authority.

Additionally, Section 431.080 RSMo 1978 provides that suits on a contract with a county "may be commenced and prosecuted thereon in the name of the county or in the name of the person to whom they are made ...." The authorized representatives for County were the County Council and the Director of County Highways and Traffic, not Harlow R. Richardson. Neither County nor its authorized representative was named as party defendant in respondent's action.

However, respondent contends that the garnished funds were not "county funds" but "escrow monies" held by Richardson as escrow agent pursuant to the terms of an "escrow agreement" between respondent and county. Respondent argues that under the law of escrows, County did not have to be a party to the suit. Citing C.J.S., respondent argues that "the depositor may sue the depositary for return of the deposit on nonperformance of the condition by obligee without joining the latter as a party defendant." 30A C.J.S. Escrows § 16 at 1015. Such is not our case. The funds deposited into County's treasury were not escrow monies nor was Richardson an escrow agent.

Escrow has been defined as "a deed or other written instrument [including conditional deposits of money] deposited with a third person to be held for delivery to the grantee or obligee on the performance of a condition or the happening of a certain event." 30A C.J.S. § 1 Escrows at 966. There was no deposit with a third person. "Third person" as used in the definitions of escrow, means a stranger to the instrument, not a party to it, or a *person so free from any personal or legal identity with the parties to the instrument as to leave him free to discharge his duty as a depositary to both parties without involving a breach to either.*

As both parties agree, and as the circuit court found, Richardson was acting in his official capacity as Treasurer of St. Louis County. Stated earlier, Richardson was not authorized to pay out any money

unless approved and signed by the accounting officer and the County Supervisor, parties to the agreement. Richardson was not separated from his legal identity with the parties.

Further, the Director of the Department of Highways and Traffic had *control* of the money in question. By specific agreement in the contract, the director could expend the money upon any of the following:

   a. Issuance of a work order by Director to perform improvements on *Cliff Cave Road* with County Forces.

   b. Order of the County Council, authorizing Director to advertise for bids prior to awarding a contract for construction of road improvements on *Cliff Cave Road,* as shown on said contract plans.

   c. Approval by Director of plans by another party for road improvements on *Cliff Cave Road,* said improvements to be constructed under the direction of the Department.

There were no conditions placed on the director's access to or expenditure of the money. County had full use of the money from the time of deposit. As a result, no escrow agreement was created.

We hold that respondent's service upon Harlow R. Richardson was not service upon County, and therefore deprived the court of jurisdiction on the original cause of action.

The question of jurisdiction may be raised at any time. *Hering v. Cone,* 622 S.W.2d 703 (Mo.App.1981). A judgment rendered by a court without jurisdiction over a party is void and may be attacked collaterally. *Moon v. Tower Grove Bank & Trust Co.,* 658 S.W.2d 57 (Mo.App.1983). The trial court's orders denying county's motion to intervene and granting a writ of execution and garnishment were in error. Accordingly, we vacate the circuit court's judgments for lack of jurisdiction and order the return of seventeen thousand, five hundred ninety-three dollars and thirty-nine cents ($17,593.39) paid into the registry of the court to appellant, St. Louis County.

CRIST, P.J., and SIMON, J., concur.