**Nona Jane OLIVER,**
**Respondent/Cross-Appellant,**

v.

**John F. OLIVER,**
**Appellant/Cross-Respondent,**

**Oliver Motor Service, Inc., Oliver Rents, Inc.; First Missouri Bank & Trust Company of Creve Coeur; and Centerre Bank of Vandalia, Respondents.**

**Nos. 49584, 49714 and 49746.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 10, 1986.

Marion F. Wasinger, Wasinger, Parham & Morthland, Hannibal, for respondent/cross-appellant.

Walter D. McQuie, Jr., Montgomery City, for appellant/cross-respondent and respondents.

CRIST, Judge.

Husband appeals from an order of the trial court increasing wife's maintenance from $100 to $250 per week. Wife cross-appeals from the trial court's order denying her claim for ejectment, rent and possession. We affirm.

Wife filed a motion to modify a divorce decree entered on November 2, 1971. Pursuant to the decree, wife received $100 per week maintenance from husband. In her motion to modify, wife sought an increase in maintenance to $500 per week, enforcement of various provisions of the original divorce decree, partition and sale of real property held by husband and wife as tenants in common, and ejectment of husband and his corporation from the real property, along with rent and possession. Husband also filed a motion to modify, seeking to discontinue all maintenance. The trial court increased wife's maintenance to $250 per week, awarded wife $3000 in attorney fees and $18,139 on her claim for enforce-

ment of a provision in the original divorce decree, ordered partition and sale of the real property held by husband and wife as tenants in common, and denied wife's claim for ejectment, rent and possession.

■ In his first point, husband asserts the trial court erred in increasing maintenance, because there was no showing of a change in circumstances so substantial and continuing as to make the original maintenance amount unreasonable. We disagree.

Maintenance may only be modified "... upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Sec. 452.370, RSMo (1984). Our review is limited, however, to whether the trial court's order is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Doss v. Doss*, 625 S.W.2d 637, 639 (Mo.App.1981). In the present case, wife filed a financial statement showing her monthly expenses exceeding monthly income. Husband filed no financial statement. Wife testified her current monthly income is roughly half what it was in 1972, when the original decree was entered. Wife also testified she has recurring medical problems which hinder her ability to work. Wife also presented evidence of the improved financial condition of husband's business. We find no error in the trial court increasing maintenance from $100 per week to $250 per week.

■ In his second point, husband asserts the trial court erred in overruling his motion seeking termination of all maintenance. Husband claims a change in the attitude of the law since 1971 relating to maintenance awards is a sufficient "change in circumstances" to make continued maintenance to wife unreasonable. We disagree.

While the factors to be considered in awarding maintenance may have changed

in 1974, motions to modify or terminate maintenance awarded prior to 1974 are governed by Sec. 452.370, RSMo (1984). Under this section, maintenance may be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." A change in the attitude of the law towards maintenance does not in itself justify modification of a maintenance award. *See Crews v. Crews*, 607 S.W.2d 709, 711 (Mo. App.1980). Husband's second point is denied.

■ In her cross-appeal, wife asserts the trial court erred in finding against her on her claim for ejectment, rent and possession. Wife maintains she did not consent to exclusive possession by husband of the jointly owned real property; and therefore she was entitled to prevail on her claim for ejectment, rent and possession as a matter of law. We disagree.

Section 524.090, RSMo (1978) provides that ejectment is available against a co-tenant if the co-tenant "actually ousted him, or did some act amounting to a total denial of his right as such co-tenant." Mere exclusive possession of premises does not amount to an "actual ouster" or a total denial of wife's right as a co-tenant. *Goforth v. Ellis*, 300 S.W.2d 379, 383 (Mo.1957). The testimony relied on by wife to show an actual ouster shows only exclusive possession by husband, with improvements made by him. We do not believe wife was entitled to possession, rent and ejectment against defendants as a matter of law. Wife's point on cross-appeal is denied.

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.