Robert **KUNTZMAN,**
**Petitioner-Respondent,**

v.

Teresa M. **KUNTZMAN,**
**Respondent-Appellant.**

No. 51425.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 10, 1987.

Susan M. Hais, Clayton, for respondent-appellant.

John T. Sluggett, Clayton, for petitioner-respondent.

KELLY, Presiding Judge.

Respondent-Appellant, Teresa M. Kuntzman, appeals from the judgment of the Circuit Court of the City of St. Louis dismissing for lack of jurisdiction her motion to distribute an undistributed marital asset. We affirm.

Appellant and petitioner-respondent, Robert Kuntzman, were divorced in November 1970. The divorce decree awarded appellant custody of the couple's five minor children, and granted appellant child support. The parties stipulated to and submitted a property settlement agreement at the time of their divorce, to take effect should the court enter a divorce decree. This settlement agreement provided, *inter alia*, that respondent agreed to convey to appellant any interest he might have in the couple's house and real estate, and appellant agreed "to accept said house and real estate as alimony in gross in full." Respondent also agreed to keep certain life insurance and medical plans in effect, retaining appellant as their beneficiary.

In 1974, and again in 1980, the divorce decree was modified on appellant's motion to provide additional child support. In February, 1983, appellant brought the present motion to divide undistributed assets, requesting that the court determine the parties' rights to a pension plan which was a benefit of respondent's employment. One judge of the Circuit Court overruled respondent's motion to dismiss the modification request, but another judge to whom the case was transferred for hearing *sua sponte* dismissed appellant's motion for lack of jurisdiction.

Appellant claims that under the Dissolution of Marriage Act, § 452.330 RSMo

1986, the trial court retains jurisdiction over the disposition of marital property pursuant to dissolution until all such property is distributed. Therefore, she contends, the court is required to settle the parties' interests in the pension plan. Appellant also insists that the decision by one judge of the Circuit Court to overrule respondent's motion to dismiss could not be overturned by a second judge at the trial court level.

■ Appellant's second contention has no merit. A challenge to the court's jurisdiction can be raised at any point during the proceedings. *Green Acres Enterprises, Inc. v. Nitsche,* 636 S.W.2d 149, 155 [4] (Mo.App.1982). No valid judgment may be entered where the court lacks jurisdiction. *Hering v. Cone,* 622 S.W.2d 703, 704 [1] (Mo.App.1981). Therefore, no matter whether a different judge at the circuit court level or the same judge who had earlier decided to proceed determines that jurisdiction is lacking, the matter must be dismissed. V.A.M.R. 55.27(g)(3).

■ The question of whether the trial court did in fact, have jurisdiction over this matter depends upon whether the Dissolution of Marriage Act, specifically § 452.330 RSMo 1986, may be applied to a divorce and property settlement which took place in 1970, even though the Act did not take effect until Jan. 1, 1974. We hold that the Act may not be used retrospectively to compel division of the pension plan. As a general proposition, "a statute shall not be applied retrospectively unless (1) the legislature manifests a clear intent that it do so, or (2) the statute is procedural only and does not affect any substantive rights of the parties." *Dragna v. Auto Owner's Mutual Insurance Co.,* 687 S.W.2d 277, 279 [1] (Mo.App.1985). Specifically, the provisions of the Dissolution of Marriage Act have been held not to apply to divorces adjudicated prior to the Act's effective date. *Crowder v. Crowder,* 522 S.W.2d 43, 45 [7] (Mo.App.1975).

Appellant claims that § 452.330 does not work a radical change in the power of the courts to distribute property of a married couple upon their divorce. This contention is clearly erroneous. "Prior to the effective date of the [1974] dissolution law, our courts were not authorized to adjudicate property rights or to divest title to property, real or personal, from one party and vest it in the other." *Blessing v. Blessing,* 539 S.W.2d 699, 703 [7] (Mo.App.1976). The parties might have stipulated to an adjudication of property rights by the court, but such stipulation was not to be inferred merely from the filing of a property settlement agreement with the court. *Bishop v. Bishop,* 151 S.W.2d 553, 556 [5] (Mo.App.1941). No such stipulation to adjudication of property rights appears on the face of appellant's and respondent's 1970 property settlement agreement; rather, appellant agreed "to accept said house and real estate as alimony in gross in full." The trial court therefore had no jurisdiction in 1970 to determine rights to the pension plan, and the enactment of the Dissolution of Marriage Act did not grant the court such a power in retrospect.

■ Appellant contends that respondent has waived the jurisdictional issue by failing to raise such a defense on two previous occasions, when the child support provisions of the divorce decree came before the court for modification. Apart from the fact that subject matter jurisdiction may not be conferred by waiver, *Kelch v. Kelch,* 450 S.W.2d 202, 204 [3] (Mo.1970), the trial court did have jurisdiction under the old divorce statute to enter a decree concerning custody and maintenance of children, § 452.070 RSMo 1969, and to review child support provisions, § 452.110 RSMo 1969. The fact that respondent did not allege lack of jurisdiction under circumstances where jurisdiction did, in fact, exist can hardly be construed as a "waiver" precluding a determination in the present case that jurisdiction does not exist.

Judgment affirmed.

CRIST and SMITH, JJ., concur.