In re the MARRIAGE OF Wilma Jean PIERCE and Roy Allen Pierce.

Wilma Jean Pierce, Petitioner–Respondent,

and

Roy Allen Pierce, Respondent–Appellant.

No. 18450.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 9, 1993.

R. Jack Garrett, Garrett & Ray, West Plains, for petitioner-respondent.

Steven Privette, Willow Springs, for respondent-appellant.

PREWITT, Judge.

Appellant contends that the trial court erred in not setting aside a default judgment in this dissolution of marriage action. The petition was filed February 5, 1991 and summons issued the next day. Appellant was served February 12, 1991. Judgment was entered December 19, 1991. Appellant's motion to set aside the judgment was filed July 1, 1992. After hearing, it was denied on September 24, 1992. Appellant presents two points relied on.

For his first point appellant contends that the court erred because he "was misled by respondent into believing that respondent would not seek a default without an agreement between the parties as to the division of property and the property division as made by the trial court unequitably favored the respondent." Appellant acknowledges that Rule 74.05(c) applies. That portion of the rule, omitting the last sentence which is not relevant here, states:

(c) **When Set Aside.** Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judg-

**238**

ment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

Whether to set aside a default judgment is generally left to the discretion of the trial court. *Robson v. Willers*, 784 S.W.2d 893, 894 (Mo.App.1990). Appellant had the burden of proof to convince the trial court that he was entitled to relief. *In re Marriage of Baker*, 584 S.W.2d 449, 450 (Mo. App.1979). If good cause is not established, there is no abuse of discretion in not setting aside a default judgment. *In re Marriage of Williams*, 847 S.W.2d 896, 899 (Mo.App. 1993).

There was evidence that after receiving the petition and summons, and being advised to get an attorney, appellant did not do so. He talked to an attorney but did not hire him. Appellant told others he was not going to court, not going to participate in court, and he did not need a lawyer. The trial judge apparently did not believe that appellant was misled by respondent as asserted by appellant and that "good cause" was not shown. On appeal this court gives due regard to the opportunity of the trial judge to determine the credibility of witnesses. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990). There was a proper basis for the trial court's determination and no abuse of its discretion was established. Point one is denied.

For his second point appellant states:

The trial court lacked jurisdiction to hear this case or enter any order in this cause for the reason that Judge David H. Dunlap, an associate circuit judge, was never assigned this case by either individual assignment of the presiding circuit judge, or local court rule, nor was he so authorized by Section 452.420 RSMO 1986.

Appellant cites under this point only Section 452.420, RSMo 1986 and the Local Court Rules of the 37th Judicial Circuit. Respondent counters that the trial judge had jurisdiction under § 478.220, RSMo Supp. 1989. The contention made by appellant in his second point was not presented to the trial court and thus ordinarily would not be preserved for review. However, as jurisdiction is questioned, we discuss it. Jurisdiction of the trial court may be raised at any time. *Moon v. Tower Grove Bank & Trust Co.*, 658 S.W.2d 57, 59 (Mo.App.1983); *Plant v. Haynes*, 568 S.W.2d 585, 587 (Mo.App.1978).

Section 452.420, RSMo 1986 states:

**Proceedings to be heard by circuit judge—exception.**—All proceedings authorized in chapter 452 [dissolution of marriage, divorce, alimony and separate maintenance] to be maintained in circuit court shall be heard by circuit judges, except that said proceedings may be heard by an associate circuit judge if he is assigned to hear such case or class of cases or if he is transferred to hear such case or class of cases pursuant to other provisions of law or section 6 of article V of the constitution.

Under § 478.220, RSMo Supp.1989, "[c]ircuit judges and associate circuit judges may hear and determine all cases and matters within the jurisdiction of their circuit court". There is no question here but that the circuit court had jurisdiction over the parties, only whether Judge Dunlap had jurisdiction to enter the judgment.

In view of § 478.220, § 452.420 would not prevent an associate circuit judge from having jurisdiction over such matters as this. Whether there was no assignment or defective assignment, we need not decide. The plain and clear language of § 478.220 gave Judge Dunlap jurisdiction to "hear and determine all cases and matters within the jurisdiction" of the Circuit Court of Howell County. Whether the assignment question was error which might have been raised in the trial court is not before us. Under § 478.220, Judge Dunlap had jurisdiction to render the judgment.[1]

The order appealed from is affirmed.

FLANIGAN, P.J., and GARRISON, J., concur.

---

1. Generally, on the effect of the change in § 478.220, see Robert S. Cohen, Civil Practice

Before Associate Circuit Judges: An Update, 48 J.Mo.Bar 429, 429–430 (1992).