Gerald WILLIAMS, Plaintiff/Respondent,

v.

Ellen Ann WILLIAMS, Defendant/Appellant.

Nos. 68323, 68515.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 5, 1996.

Connie S. Hood, Clayton, for Plaintiff/Respondent.

Victor C. Strauss, Jr., St. Louis, for Defendant/Appellant.

CRANE, Presiding Judge.

Both former spouses appeal from the trial court's judgment setting aside a 1986 default judgment against ex-husband which modified the parties' 1973 divorce decree by awarding ex-wife the marital home. The trial court set aside the 1986 default judgment on the grounds that the court did not have jurisdiction to modify the 1973 divorce decree. It did not award either party attorney's fees. We affirm.

Ellen Ann Williams (ex-wife) and Gerald Williams (ex-husband) were married on June 28, 1947. The parties were divorced on March 19, 1973, prior to the Dissolution of Marriage Act. The divorce decree did not contain any stipulations governing the marital home. In 1985 ex-wife filed a Motion to Modify in the original divorce proceeding requesting that she be awarded the marital home. On March 24, 1986 the trial court awarded the marital home to ex-wife by a default judgment.

On July 29, 1994 ex-husband filed a motion to set aside the 1986 default judgment and for other relief. Ex-wife moved to dismiss ex-husband's motion on the grounds it was not filed within one year, which the court denied. On April 13, 1995 the trial court

entered a judgment setting aside the 1986 judgment on the grounds that the trial court did not have jurisdiction to modify the 1973 decree.[1] The court subsequently denied ex-husband's request for attorney's fees.

On appeal ex-wife contends that the trial court erred in granting the motion to set aside. She argues that the motion was not timely filed and did not properly plead lack of jurisdiction as a ground for relief. She also challenges the trial court's conclusion that the trial court had no jurisdiction to enter the 1986 order. On his cross-appeal ex-husband asserts the trial court erred in not granting him attorney's fees.

### EX–WIFE'S APPEAL

Ex-wife argues that the motion insufficiently pleaded lack of jurisdiction. This point has no merit. The amended motion specifically alleged that the court had no subject matter jurisdiction to modify a divorce decree entered in March, 1973. Even if the motion were subject to attack for technical pleading deficiencies, a claim of lack of subject matter jurisdiction would not be barred. Parties cannot waive subject matter jurisdiction and can challenge subject matter jurisdiction at any stage of the proceedings. *Kuntzman v. Kuntzman,* 724 S.W.2d 331, 333 (Mo.App.1987). A judgment is void from its inception if the court that rendered judgment did not have jurisdiction. *K & K Investments v. McCoy,* 875 S.W.2d 593, 596 (Mo.App.1994).

Ex-wife also challenges the timeliness of ex-husband's motion. She contends that under Rule 74.05(d) the motion to set aside had to be filed within a reasonable time not to exceed one year. We disagree.

Where a default judgment is void for lack of subject matter jurisdiction, Rule 74.06 applies. Rule 74.06(b)(4) allows a trial court on motion to relieve a party from a final judgment for the reason that the judgment is void. Rule 74.06(c) provides that the motion shall be filed within a reasonable time. It does not put a specific time limit on motions filed for relief from a void judgment. Further, the reasonable time requirement of

---

1. The 1986 judgment had been entered by a different trial judge.

Rule 74.06(c) applies only to a voidable judgment, not to a judgment void from its inception. *Brackett v. Laney,* 920 S.W.2d 597, 599 (Mo.App.1996). A judgment which is void from its inception is a nullity and is not subject to the "reasonable time" requirement of Rule 74.06(c). *State ex rel. Houston v. Malen,* 864 S.W.2d 427, 430 (Mo.App.1993).

Ex-wife next contends that the trial court erroneously found that it did not have jurisdiction to enter the 1986 order modifying the 1973 divorce decree. The parties were divorced in 1973 under the former divorce statutes, § 452.010 *et seq.* RSMo 1969. Prior to January 1, 1974, when the Dissolution of Marriage Act, § 452.300 *et seq.* RSMo (1973 Supp.), became effective, courts were not authorized to adjudicate property rights or to divest title to property, real or personal, from one party and vest it in the other. *Blessing v. Blessing,* 539 S.W.2d 699, 703 (Mo.App.1976); *Bishop v. Bishop,* 151 S.W.2d 553, 556 (Mo.App.1941). Marital property could be divided and awarded to one of the parties to the divorce upon a stipulation of the parties consenting to such an adjudication. *Blessing,* 539 S.W.2d at 703 n. 8; *Bishop,* 151 S.W.2d at 556. Real estate held after a divorce was held as tenants in common and was subject to a post-divorce partition action. *Grunden v. Nelson,* 793 S.W.2d 569, 573 (Mo.App.1990); see also Ray Fowler & Joan Krauskopf, *Property Provisions, Dissolution of Marriage Under Missouri's NEW Divorce Law,* 29 J. OF MO. BAR 508 (1973).

Ex-wife filed her motion to modify in the original divorce action. When she filed the motion to modify, the Dissolution of Marriage Act was in effect. This act allows modification of pre–1974 divorce decrees in some situations. Section 452.415.3 provides: "Sections 452.300 to 452.415 apply to all proceedings commenced after January 1, 1974, for the modification of a judgment or order entered prior to January 1, 1974." We have interpreted this provision to mean that pre–1974 divorce decrees are subject to the modification provisions of the post–1973 dissolution act, but are not subject to those provisions governing entry of the original judgment. Thus a pre–1974 alimony award could be modified pursuant to § 452.370, which governs modification of maintenance proceedings, but is not subject to the factors governing an original award of maintenance under the dissolution act. *Crews v. Crews,* 607 S.W.2d 709, 711 (Mo.App.1980).

The Dissolution of Marriage Act contains no provisions for modification of a dissolution decree to award marital property. Section 452.360.2 specifically prohibits modification of a marital property award: "The court's order as it affects distribution of marital property shall be a final order not subject to modification." *Id.* Under this act, if the parties allow their dissolution decree to become final without obtaining a division of their property in accord with § 452.330, their remedy is a separate suit in equity or a motion for relief from judgment under Rule 74.06. *Chrun v. Chrun,* 751 S.W.2d 752, 755 (Mo. banc 1988); *Born v. Born,* 753 S.W.2d 121, 122 (Mo.App.1988).

Because the Dissolution of Marriage Act does not provide for modification of property distribution awards, § 452.415.3 does not give a court the power to modify a pre–1973 divorce decree by awarding undistributed marital property. Section 452.330 governs property distribution in the original judgment, not upon a modification proceeding. Section 452.330 may not be applied retrospectively to give a court the power to divide and award marital property of parties divorced prior to January 1, 1974. *Kuntzman,* 724 S.W.2d at 333. The trial court had no jurisdiction to award the marital home in 1973 and did not thereafter acquire jurisdiction to do so under the Dissolution of Marriage Act. *Id.*

The trial court did not err in finding it did not have subject matter jurisdiction to modify the 1973 divorce decree by awarding marital property to wife.

### EX–HUSBAND'S CROSS–APPEAL

In his sole point on cross-appeal, ex-husband contends that the trial court erred in denying his attorney's fee request because he proved the 1986 judgment had been fraudulently obtained. He argues that ex-wife's conduct and her representation that

she did not know of ex-husband's whereabouts, as well as unspecified "equitable considerations", entitled him to attorney's fees.

Because the court found no jurisdiction, it never reached the contested issues of whether ex-husband had been served with the motion to modify and whether the 1986 judgment was therefore obtained by fraud. Ex-husband presents no argument or authority in his brief to support a claim for attorney's fees incurred in a Rule 74.06(d) proceeding to set aside a void default judgment purporting to modify a divorce decree. He does not discuss the "American Rule" on attorney's fees or the exceptions to that rule. He does not state whether he claims fees pursuant to a statute, a contract, or any exception to the rule or why any particular exception would entitle him to fees in this situation. He cites no authority for his claim that wife's fraud would entitle him to fees in this case. In the absence of such argument and authority, we have no basis to reverse the trial court's denial of fees.

The judgment of the trial court is affirmed.

SMITH and PUDLOWSKI, JJ., concur.