**Bonnie Kay BROSS, Respondent,**

v.

**Larry O. DENNY, Appellant.**

**No. WD 41602.**

Missouri Court of Appeals,
Western District.

March 27, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 29, 1990.

Application to Transfer Denied
July 31, 1990.

David R. Buchanan, Michael A. Childs, Brown, James & Rabbitt, P.C., Kansas City, for appellant Larry O. Denny.

Arthur A. Benson II, Veronica Jongenelen, Kansas City, for respondent Bonnie Kay Bross.

Before BERREY, J., Presiding, and TURNAGE and ULRICH, JJ.

ULRICH, Judge.

Larry O. Denny, an attorney, appeals the verdict and judgment against him and in favor of Bonnie Kay Bross in a legal malpractice action. Ms. Bross cross-appeals.

Bonnie and Tom Bross were married in October of 1960. The two lived together until their separation in October of 1975, and two children were born of the marriage. Shortly after their marriage Tom Bross joined the United States military service and during most of their marriage Mr. Bross served in the military. He was stationed in England when they separated, and Ms. Bross returned to the United States after the separation.

Ms. Bross first consulted Larry Denny about a divorce in July of 1981. On October 28, 1981, Mr. Denny, representing Ms. Bross, filed a petition for dissolution of the marriage.

In early 1982, Ms. Bross wrote to Mr. Denny expressing a desire to obtain part of her husband's military pension. Mr. Denny correctly informed his client that existing law prohibited state courts from treating U.S. military pensions as marital property, and he did not think nonexisting spousal rights to a military pension that might later be created by a change in the law could be preserved.

The dissolution hearing occurred January 24, 1983. The day of the hearing Ms. Bross asked Mr. Denny why the settlement agreement did not provide that if the applicable law changed, she would receive a share of Mr. Bross's pension. Mr. Denny replied that the law had not changed and she had to accept the status of the law. Before the hearing Ms. Bross signed the separation agreement accepting a lump sum payment of $5,000 and $300 per month child support to convert upon emancipation of the dependent child to maintenance up to June 1986. The Bross dissolution became final on March 4, 1983.

The history of the law regarding the inclusion of a spouse's federal military retirement benefits as marital property in a state marital dissolution proceeding is significant. Mr. Denny's advice to Ms. Bross reflected the rule in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). In *McCarty* the Supreme Court held that federal law precluded state courts from dividing military pensions pursuant to state laws in divorce proceedings. Congress reacted by passing, on September 8, 1982, the Uniformed Services Former Spouses' Protection Act (USFSPA). 10 U.S.C.A. § 1408 (1983). The USFSPA provided that military pensions could be characterized and divided according to state marital dissolution law. The USFSPA's ef-

fective date was February 1, 1983. *See generally, Starrett v. Starrett,* 703 S.W.2d 544, 547 n. 5 (Mo.App.1985).

Mr. Denny's initial counsel to Ms. Bross that her husband's military pension was not divisible by state law under *McCarty,* in effect at that time, was correct when given. However, before the signing of the separation agreement and the dissolution hearing on January 24, 1983, the USFSPA was passed. It became effective February 1, 1983, only days after the dissolution hearing and before final judgment was entered on March 4, 1983.

Ms. Bross filed suit against Mr. Denny in October of 1986, alleging malpractice. Trial commenced December 5, 1988, and the jury verdict was rendered in favor of Ms. Bross, assessing 75 percent of the fault against Mr. Denny and 25 percent of the fault against her. Damages totalling $108,000 were awarded, and judgment was entered against Mr. Denny for $81,000. Both parties appeal.

Mr. Denny alleges three points of error. He contends that the trial court erred (1) in failing to dismiss Ms. Bross's petition for failure to state a cause of action, and (2) in allowing Ms. Bross's attorney to refer to the code of professional responsibility for attorneys during the trial. He also alleges that (3) Ms. Bross failed to prove that she would have recovered a portion of her ex-spouse's military retirement benefits except for Mr. Denny's negligence, and, therefore, the trial court was in error for failing to sustain his motion for a directed verdict at the close of plaintiff's evidence.

Ms. Bross also alleges three points of error in her cross appeal. She claims that the trial court erred (1) in not instructing the jury on punitive damages, (2) in instructing the jury that it could assess fault to Ms. Bross, and finally, by permitting,

over her objection, (3) defense counsel to violate the court's order in limine by stating in closing argument that other recovery means were available to her.

■ Mr. Denny's first point contends that the trial court erred by failing to sustain his motion and dismiss the Bross petition for failure to state a cause of action. He argues that before filing this suit for legal malpractice Ms. Bross should first have filed either a suit in equity or a motion to reopen her original divorce case pursuant to Rule 74.06(b)(5). This point raises issues important to the case; however, these issues do not relate to whether a cause of action was stated, and the trial court was correct in denying Mr. Denny's motion to dismiss. The argument that Ms. Bross failed to exhaust her remedies pertains to damages, not whether a cause of action is stated. Mr. Denny does not deny that he failed to be aware of new controlling legislation and protect his client's interest accordingly.[1] Ms. Bross's remedy is an action for malpractice.[2]

■ The application of Mr. Denny's argument to the issue of damages is considered. He proposes that suit in equity is a remedy available to Ms. Bross. A suit in equity is not available to reopen and review a dissolution decree because that decree is final and conclusive as to the property which it divides. *State ex rel. McClintock v. Black,* 608 S.W.2d 405, 407 (Mo. banc 1980). A suit in equity is a separate suit—a collateral procedure—used to adjudicate the disposition of assets omitted in a dissolution decree. *Id.* The Missouri Supreme Court has held, "[t]o the extent that property is not divided by the decree of dissolution, the only remedy after the judgment becomes final is a separate suit in

---

1. Mr. Denny's brief states at page 16, "There is no question that Mr. Denny in this case mistakenly treated Mr. Bross's military pension as separate property because he was not aware the USFSPA had overturned the *McCarty* decision until it was too late."

2. Mr. Denny argues in his brief, "If Mrs. Bross had not exhausted her remedies, then as a matter of law, her cause was premature and she

was in no position to prove any damage was caused by any alleged negligence of Mr. Denny." He then cites *Eddleman v. Dowd,* 648 S.W.2d 632 (Mo.App.1983). *Eddleman* holds that a plaintiff cannot prove damages for an attorney's alleged negligence where the underlying lawsuit was still pending. Ms. Bross's underlying suit was not then still pending but was finally adjudicated.

equity." *Chrun v. Chrun*, 751 S.W.2d 752, 755 (Mo. banc 1988).

■ Suit in equity is not available to allocate a share in Tom Bross's military pension to Ms. Bross. The separation agreement, incorporated into the dissolution decree, specifically awarded the entire military pension to Tom Bross. The pension was not an omitted asset, therefore, a suit in equity is not an available remedy.

■ Mr. Denny also proposes a Rule 74.-06(b)(5) motion to reopen as an available remedy. Rule 74.06(c) provides time limits on motions to modify, allowing motions alleging mistake, fraud or irregularity in a judgment to be brought within one year from the judgment entry. A motion under Rule 74.06(b)(5) must be brought "within a reasonable time," and one year after entry of a decree may be the limit. *See Chrun*, 751 S.W.2d at 755, n. 1. Judgment in the Brosses' dissolution was final March 4, 1983. Rule 74.06(b)(5), inclusive of the "reasonable time" limitation for filing a motion to reopen, was not effective until January 1, 1988—almost 5 years after final judgment in the Bross case.[3] Ms. Bross does not have an available remedy under Rule 74.06(b)(5).

Mr. Denny raises two additional related allegations of error under his first point. He contends that the trial court erred in refusing to allow him to present expert testimony that Ms. Bross had available an independent suit in equity or a motion to modify the original dissolution decree as a means of obtaining part of Mr. Bross's military pension. A trial court has considerable discretion in the exclusion of evidence, and only an abuse of that discretion will constitute grounds for reversal. *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 205 (Mo. banc 1983).

The trial court's preclusive order limiting the expert testimony was based on a correct interpretation of the law as previously discussed, and it was, therefore, not an abuse of discretion.

■ In a related point, Mr. Denny asserts that an affirmative converse instruction should have been given by the court instructing the jury to find against Ms. Bross if it believed she still had a right to obtain part of Tom Bross's military pension. The preceding discussion demonstrates such an instruction erroneous. Additionally, Mr. Denny's failure to include the proffered instruction in his brief, as mandated by Rule 84.04(e), dictates that possible errors associated with the instruction are not preserved for review. *Stevenson v. First National Bank of Callaway County*, 604 S.W.2d 791, 794 (Mo.App. 1980).

■ Mr. Denny asserts, as his second alleged point of error, that Ms. Bross's attorney's permitted reference to the attorneys' Code of Professional Responsibility was erroneous. Ms. Bross's attorney referred to the Code twice during the trial. Mr. Denny argues that such references injected irrelevant, immaterial and inflammatory matters and correctly cites *Greening v. Klamen*, 652 S.W.2d 730, 734 (Mo.App. 1983), for the principle that introduction of the disciplinary rules in legal malpractice cases as evidence of the standard of care is prohibited. In this case, however, the Code of Professional Responsibility was not introduced as evidence of the standard of care but was merely mentioned by Ms. Bross's attorney. The two brief references by Ms. Bross's attorney to the Code of Professional Responsibility were not so inflammatory or prejudicial as to have affected the trial of the case.[4] This court defers

---

**3.** Rule 74.06(b)(5) wasn't enacted until fourteen months after Ms. Bross filed suit for malpractice.

**4.** On direct examination, Ms. Bross's attorney, Mr. Benson, inquired of the expert witness:
Q. Mr. Russell, are you familiar with the codes [sic] of professional responsibility that governs—
MR. CHILDS: Objection, Your Honor.

(At this point in the proceedings, there was a discussion between Court and counsel at the bench and out of the hearing of the jury. The objection was overruled.)
MR. BENSON:
Q. Mr. Russell, are you familiar with the codes [sic] of professional responsibility that was in effect in Missouri in early 1983?
A. Yeah.

to the sound exercise of the trial court's discretion. *Kennedy v. Tallent,* 492 S.W.2d 33, 38 (Mo.App.1973).

■ Mr. Denny alleges as the third point that Ms. Bross failed to prove she would have received a portion of Mr. Bross's retirement benefits except for Mr. Denny's negligent failure to prosecute her claim. Therefore, he contends, the trial court's refusal to sustain his motion for a directed verdict at the close of Ms. Bross's case was error. A legal malpractice claim requires that the plaintiff plead and prove that the underlying claim would have been successful except for the negligence of the attorney defendant, thereby proving damages and causation. *See Lange v. Marshall,* 622 S.W.2d 237 (Mo.App.1981); *Brown v. Adams,* 715 S.W.2d 940 (Mo.App. 1986). He claims Ms. Bross failed to introduce evidence that the court deciding her dissolution petition would have awarded her a part of the military pension in accordance with applicable Missouri law and, thus, failed to prove damages and a causal relationship between her damages and his alleged negligence.

Expert witnesses testified in Ms. Bross's behalf. Allen Russell, a licensed attorney, testified as an expert in Missouri dissolution law that the USFSPA gave Ms. Bross a claim to Mr. Bross's pension as marital property and entitled her to an appropriate division of the pension benefits. He testified that the pension represented ninety percent of the marital assets and that she was entitled to at least fifty percent of the pension benefits. He stated that Mr. Denny should have known or learned of Ms.

Bross's entitlement to the pension benefits, especially when she expressed her desire for her share. Dr. John Ward testified as an expert economist. He testified that the lost pension funds to be experienced by Ms. Bross totaled $125,832. Ms. Bross proved damages and the causal relationship between Mr. Denny's negligence and the damages.

■ Mr. Denny contends that Mr. Russell's testimony about the division of the pension and the amount to which Ms. Bross was entitled was improperly admitted over his objection. Expert testimony is required in legal malpractice claims except in a "clear and palpable" case. *Zweifel v. Zenge & Smith,* 778 S.W.2d 372, 373 (Mo. App.1989). The admissibility of expert testimony is left to trial court's discretion and will be disturbed on appeal only upon a showing of abuse of discretion. *State v. Marks,* 721 S.W.2d 51, 55 (Mo.App.1986). Mr. Russell testified about matters with which the jurors were not likely to be conversant, his testimony was helpful to them in determining issues before them, and his testimony was admissible as an exception to the general rule that witnesses may not express their opinions. *McKinley v. Vize,* 563 S.W.2d 505, 508 (Mo.App.1978). Allowance of Mr. Russell's testimony was not an abuse of discretion and provided evidence relevant to the damages sustained by Ms. Bross and the causal effect of Mr. Denny's negligence.

■ Mr. Denny also argues that Instruction No. 4 erroneously instructed the jury.[5] Although Mr. Denny failed to pro-

---

Q. And are you familiar with those sections of the [sic] Cannon [sic] Six of the codes [sic] of professional responsibility which determines a lawyer's responsibility to his clients?
A. I believe so.
Q. And, did you consider those in determining what your opinion would be if you were retained to represent on behalf of Mrs. Bross?
A. Yes, I do.
During the cross-examination of Mr. Denny, Mr. Benson asked:
Q. And you're governed by the codes that govern lawyers in their practice of law?
A. Yes, I am.
MR. BUCHANAN: Before you start, approach.

(At this point in the proceedings, there was a discussion between Court and counsel at the bench and out of the hearing of the jury. The court directed Mr. Benson not to mention the code.)

5. Instruction No. 4 (MAI 21.01) states:
In your verdict you must assess a percentage of fault to defendant if you believe:
First, defendant failed to advise plaintiff that she was entitled to receive a portion of the military pension of her husband at the time of their dissolution of marriage and
Second, defendant was thereby negligent, and
Third, as a direct result of such negligence plaintiff sustained damage.

vide the contested instruction in violation of Rule 84.04(e), the allegation is considered ex gratia. The instruction included the elements of causation and damages. When a Missouri Approved Instruction is applicable, the instruction must be given at the exclusion of all others. *Karashin*, 653 S.W.2d at 206. The trial court was required to use the applicable MAI. Mr. Denny has failed to satisfy the burden of proving that MAI 21.01 misstates the law. *See Lindsay v. McMilian*, 649 S.W.2d 491, 494 (Mo.App.1983); *Turley Martin Co. v. American Can Co.*, 661 S.W.2d 79, 81 (Mo. App.1983).

■■■■ Ms. Bross's points on cross appeal are now addressed. She contends as her first point that the trial court erred in refusing to instruct the jury on the issue of punitive damages. The evidence, viewed in the light most favorable for submitting the requested punitive damage instruction, does not support giving it. *Hopkins v. Goose Creek Land Co., Inc.*, 673 S.W.2d 465, 467 (Mo.App.1984). An instruction for punitive damages is properly given where wantonness or bad motive is evinced. *Vecchiotti v. Tegethoff*, 745 S.W.2d 741, 744 (Mo.App.1987). Punitive damages are not a matter of right, and their award lies within the trial court's discretion. *Id.* The punitive damage instruction asserted by Ms. Bross requires a finding of "conscious disregard" of other persons by Mr. Denny. MAI 10.02. Weighing the evidence at trial against the requirements for awarding punitive damages shows the trial court's refusal to instruct on punitive damages to be proper. Ms. Bross adduced evidence showing Mr. Denny's lack of diligence in handling her divorce. She presented testimony about an attorney's duty to research resources available to keep himself informed of changes and developments in the applicable law. However, Ms. Bross failed to rebut evidence that throughout the divorce Mr. Denny attempted to procure the best settlement he could obtain for her. Highly probative of whether Mr. Denny consciously disregarded his client's rights is the ab-

sence of evidence that Mr. Denny intentionally disregarded Ms. Bross's interest. An instruction on punitive damages would have been erroneous.

■■■■ As her second point, Ms. Bross claims the trial court erred in instructing the jury that it could assess fault to her. She contends that all the evidence identifies Mr. Denny as the sole and proximate cause of her damages. Essentially, Ms. Bross argues that comparative negligence has no application in this case. "Comparative negligence has no application where the negligence of one party is the sole proximate cause of an accident and the other party is not guilty of negligence." *Cowan v. Perryman*, 740 S.W.2d 303, 304 (Mo.App.1987) (citing *Finninger v. Johnson*, 692 S.W.2d 390, 393 (Mo.App.1985)). The challenged instructions are numbers 6 and 7; they read:

### INSTRUCTION NO. SIX

In your verdict you must assess a percentage of fault to Plaintiff, whether or not Defendant was partly at fault, if you believe:

First, plaintiff failed or refused to follow Defendant's recommendations to hold out for more money or to go to trial to attempt to obtain more, and

Second, Plaintiff was thereby negligent, and

Third, such negligence directly caused or directly contributed to cause any damage Plaintiff may have sustained.

The term, "negligence" as used in this instruction means the failure to use that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances.

### INSTRUCTION NO. SEVEN

In your verdict you must not assess a percentage of fault to plaintiff, unless you believe:

First, plaintiff was negligent, and

The term "negligent" or "negligence" as used in this instruction means the failure to use that degree of skill and learning ordinarily used under the same or similar circumstances by the members of defendant's profession.

Second, such negligence directly caused or directly contributed to cause any damage plaintiff may have sustained.

Substantial evidence must have existed for these instructions to have been given. That determination is made by this court considering the evidence and inferences most favorable to Mr. Denny and disregarding all contrary evidence. *Cowan*, 740 S.W.2d at 304.

Mr. Denny testified that he repeatedly encouraged Ms. Bross to demand a larger cash settlement or increased maintenance and child support payments. Ms. Bross refused to do so in order to avoid "hurting" her husband and conflicting with her "moral beliefs." Mr. Denny asserts that because the evidence demonstrates Ms. Bross's reluctance to seek the most advantageous financial benefits possible, no substantial evidence existed to support her claim that she would have sought a portion of Mr. Bross's retirement benefits had she known the law had changed giving her an interest in the pension. The inquiries made of Mr. Denny by Ms. Bross before the dissolution about her entitlement to the retirement benefits negates Mr. Denny's contention. Mr. Denny's testimony does not establish a defense as a matter of law, and Mr. Bross is not required to prove as an element of her cause that she would have pursued her right to obtain a portion of the retirement benefits had she known that she could.

Additionally, whether Ms. Bross did not want Mr. Denny to more aggressively seek a larger lump sum settlement and child support payments is not relevant to the issue of Mr. Denny's misadvice about her entitlement to a portion of her ex-spouse's military retirement benefits. Even had a greater sum as settlement for her marital property interests and additional child support been obtained either at trial or by agreement, her entitlement to a portion of her ex-spouse's military retirement benefits was compromised by her attorney's advice without it being considered as an issue. There is no substantial evidence that Ms. Bross was negligent. Mr. Denny's negligence was the sole and proximate cause of Ms. Bross's damages. Thus, instructions six and seven were erroneously submitted.

■ Ms. Bross's third and final point asserts that the trial court erred in overruling her objection to a comment made by Mr. Denny's attorney, Mr. Buchanan, in his closing argument. Ms. Bross asserts that this comment violated the court's order in limine against mentioning other options for recovery. Two relevant portions of argument follow:

CLOSING ARGUMENT OF MR. BENSON:

MR. BENSON: Ladies and gentlemen of the jury, we are now at the end of a two and a half, three days of the trial for Bonnie Bross. It's her only chance here in court to have her claim heard and you're the only people who get to decide the facts in this case.

. . . .

CLOSING ARGUMENT OF MR. BUCHANAN:

MR. BUCHANAN: Ladies and gentlemen of the jury, this is the last chance I have to speak with you. I heard Mr. Benson say that this is Bonnie Bross's last chance. That's not quite true. It is Larry Denny's last chance. If you find any fault against him, that's his last chance. Bonnie Bross has done nothing the [sic] get her pension accept [sic] sue.

It is the latter argument by Mr. Buchanan that is contested by Ms. Bross. Mr. Buchanan's statements were made in response to those made by Mr. Benson, Ms. Bross's attorney. The extent of reply to an adversary's argument is largely within the trial court's discretion. *McCandless v. Manzella*, 369 S.W.2d 188, 191 (Mo.1963). If Mr. Buchanan's argument violated the order in limine, it was innocuous. The court acted within its discretion and committed no error in overruling Ms. Bross's objection.

That portion of the judgment attributing twenty-five percent of the fault against Ms. Bross is reversed, and she is awarded the full amount of the damages assessed by

the jury, $108,000. In all other respects, the judgment is affirmed.

All concur.