STATE of Missouri, ex rel. Charles Dale HOUSTON and Sheena Marie Houston, b/n/f Orlena Marie (Houston) Malen, and Orlena Marie (Houston) Malen, Individually, Respondents,

v.

Charles Patrick MALEN, Appellant.

No. 18474.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 2, 1993.

Mark E. Maddux, Springfield, for appellant.

Kenneth W. Johnson, Springfield, for respondent Orlena Marie Malen.

PARRISH, Chief Judge.

Charles Patrick Malen (appellant) appeals an order of the trial court that denied his motion to quash service of process and to set aside a divorce decree and declaration of paternity.[1] This court affirms in part, reverses in part and remands with directions that the trial court grant the motion to set aside the decree previously entered.

Orlena Marie Houston (respondent) filed a two-count petition in October 1987 in which she sought a dissolution of her marriage to appellant (Count II) and, on behalf of and as next friend for Charles Dale Houston and Sheena Marie Houston, a declaration that appellant was the father of Charles Dale Houston and Sheena Marie Houston (Count I). Respondent, by Count II, also sought to change the names of the children to Malen.

The trial court, pursuant to Rule 54.06, issued a summons for personal service outside the State of Missouri directed to appellant at an address in Smyrna, Tennessee. A return on service of summons dated October 28, 1987, was filed in the trial court stating that summons was served by delivering a copy of the summons together with a copy of the petition to appellant. The return, in the form of an affidavit, was made by a deputy sheriff of Rutherford County, Tennessee, Sergeant D. Moorehead. However, the affidavit was made before a notary public rather than before a clerk or judge of the court of which the deputy sheriff was an officer. There was no attached "certificate of such judge or clerk as to the official character of the affiant and to his authority to serve process in civil actions within the state ... where such service was made" as was then required by Rule 54.20(b)(1).[2]

Appellant filed no pleadings in the paternity and dissolution action.[3] Decree was entered by the trial court May 18, 1988, declaring appellant to be the father of the children, granting the request for change of names and dissolving the marriage. Appellant was ordered to pay child support in the amount of $150 per month per child.

In May 1992, respondent filed a motion to hold appellant in contempt for failure to pay child support. The trial court entered an order for appellant to show cause why he should not be held in contempt of court.

---

1. Respondent filed a motion to dismiss the appeal that was taken with the case. Respondent contends that the trial court's order denying appellant's motion to quash and to set aside its decree "was not a final judgment but was merely an interlocutory ruling ... and is therefore a premature appeal." Respondent also asserts that the appeal should be dismissed because the record on appeal does not include any record of an evidentiary proceeding relative to the hearing the trial court conducted when it considered the motion. The motion to dismiss is denied. The order appealed is an order in a special proceeding that attacked the enforcement of a judgment. As such it is appealable as a "special order after final judgment in the cause." § 512.020, RSMo 1986. *See White River Dev. Co. v. Meco Systems, Inc.,* 837 S.W.2d 327, 331–32 (Mo.App.1992). Further, with respect to respondent's complaint as to the completeness of the record on appeal, a transcript would be required if there were "portions of the proceedings and evidence not previously reduced to written form." Rule 81.12(a). There is no indication that there was testimony adduced before the trial court as to the motion that is the genesis of this appeal. The motion and the court's ruling is included in the legal file. The record on appeal is sufficient to enable this court to determine the issues raised.

2. Rule 54.20(b)(1) was amended by 1988 Mo. Laws, S.C.S.H.B. 1660, effective August 13, 1988, to provide that the officer serving the summons could make the required affidavit before a person authorized to administer oaths in that state. The requirement for a judge or clerk to certify the official character of the person serving the summons and to the officer's authority to serve process within the applicable jurisdiction was eliminated and the affidavit of the officer serving process was required to acknowledge the officer's "authority to serve process in civil actions within the state or territory where such service was made." *Id.*

3. Respondent's petition alleged that she and appellant were married January 27, 1984; that the children, Charles Dale Houston and Sheena Marie Houston, were born June 24, 1983; that appellant was their father.

Appellant thereafter filed the motion to quash service and to set aside the decree of dissolution of marriage that is the basis for this appeal. The motion asserted that appellant "made no entry of appearance by responsive pleading or otherwise" prior to the entry of the decree in the declaration of paternity and dissolution action and did not appear the date the evidentiary hearing was held. It further complained that although an affidavit of service was filed by the Tennessee officer who undertook to serve the summons upon which the trial court based its jurisdiction, "there was no certification made by a judge or clerk as to the official character of the affiant and to his authority to serve process in civil actions within the state or territory where such service was made." Appellant contended that "failure to comply with proof of service requirements" caused the purported service to be defective; that the trial court did not acquire personal jurisdiction over appellant.

■ Appellant presents one point on appeal. He asserts the trial court erred in overruling the motion to quash service of process and to set aside the decree that was entered in the action for declaration of paternity and for dissolution of marriage because of the faulty return on the summons purportedly served on him.

Appellant relies on *In re Marriage of Southard,* 733 S.W.2d 867 (Mo.App.1987). *Southard* was a dissolution of marriage action. The respondent in *Southard* moved from Missouri to Indiana before the dissolution action was filed. Summons was issued for service outside of Missouri. A return was executed by a deputy sheriff in Marion County, Indiana. The deputy sheriff made an affidavit of service, but did not secure a certification as was required by Rule 54.-20(b)(1) as it existed at the time of the attempted service of summons. The trial court in *Southard* found for the petitioner and entered a decree dissolving the marriage, dividing marital property and non-marital property in the manner requested by the petitioner. This court reversed holding:

The decree was entered without proof of any valid service of process and without, as far as the record shows, any order of appearance by the respondent. The court was without jurisdiction to proceed, *State ex rel. Minihan v. Aronson,* 350 Mo. 309, 314, 165 S.W.2d 404, 407[3] (1942), and its judgment is wholly void.

*Id.* at 868. The requirements of Rule 54.-20(b)(1) were the same when service of summons was attempted and the officer's return was made in this case as when service was attempted and the officer's return was made in *Southard.* There was no certification that the officer was authorized to serve civil process.

Appellant urges this court to reverse the trial court saying, "Quite simply, Appellant asks the Court to uphold its decision in *Southard v. Southard."* He correctly states, "The affidavit is simply notarized by what appears to be a notary public. The certification was not made by a judge or clerk as to the official character of Sergeant D. Moorehead as required by Civil Rule 54.20(b)(1) [as that rule existed at the time the return of service was made]."

Respondent draws this court's attention, however, to Rule 74.06 that became effective after *Southard* was decided.[4] It states in subparagraph (b):

On motion and upon such terms as are just, the court *may* relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; *(4) the judgment is void;* or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force. [Emphasis added.]

4. *Southard* was decided July 29, 1987. Rule 74.06 became effective January 1, 1988. For a discussion of Rule 74.06 and its similarities with federal procedures, see Laughrey, *Judgments— The New Missouri Rule,* 44 Mo.Bar J. 11 (1988).

And, in subparagraph (c), "The motion shall be made within a reasonable time[5] and for reasons (1) and (2) and (3) of subdivision (b) not more than one year after the judgment or order was entered."

Respondent suggests that appellant, by not seeking relief for four years and three months after the entry of the judgment, failed to request the relief permitted by Rule 74.06 within a reasonable time; that the trial court's ruling was, therefore, not erroneous. She points to *Bross v. Denny*, 791 S.W.2d 416 (Mo.App.1990), and suggests that it held that a party who filed a motion "almost five years" after the questioned act did not seek relief within a reasonable time. This court does not find that to have been the holding in *Bross*. *Bross* held that relief was not available under Rule 74.06 because the rule was not adopted when *Bross* was filed. Rule 74.06 did not become effective until "almost 5 years after final judgment in the Bross case." *Id.* at 420. *Bross* is of no assistance to respondent.

In *Roberts v. Johnson*, 836 S.W.2d 522 (Mo.App.1992), this court said:

Unless waived by a general appearance, or otherwise, process is necessary in order for a court to acquire jurisdiction. Due process of law requires that service of process shall always be made except when it may be, and is, waived. Only by appearance, or by service of process, can a court obtain jurisdiction to adjudicate upon the rights of a defendant in the action brought. Absent a general appearance, or waiver of process, by the defendant, there must be service of process on defendant in some mode authorized by law or the court cannot proceed. The service of such process is always a prerequisite to jurisdiction over either the person or property of a defendant. *State ex rel. Ferrocarriles Nacionales de Mexico v. Rutledge*, 331 Mo. 1015, 56 S.W.2d 28, 37 (1932); *Kerr v. Kerr*, 519 S.W.2d 303, 305[1] (Mo.App.1975).

A judgment entered against a party by a court lacking personal jurisdiction over such party is void. *Metmor Financial, Inc. v. Leggett*, 787 S.W.2d 733, 735[1] (Mo.App.1989); *Gerding v. Hawes Firearms Co.*, 698 S.W.2d 605, 607[2] (Mo.App. 1985); *A.T. Knopf, Inc. v. Richardson*, 674 S.W.2d 174, 177[8] (Mo.App.1984)

*Id.* at 524.

Considering that Rule 74.06 is patterned after Fed.R.Civ.P. 60, federal decisions construing it are persuasive in applying Rule 74.06(b). *Platt v. Platt*, 815 S.W.2d 82, 83 (Mo.App.1991); *In re Estate of Caldwell*, 766 S.W.2d 464, 466 (Mo.App.1989).

In *Misco Leasing, Inc. v. Vaughn*, 450 F.2d 257 (10th Cir.1971), the court addressed the question of the effect of "a complete lack of personal jurisdiction over the defendant" against whom a judgment had been entered, stating:

[I]t does not appear that the motion under Rule 60(b) must be filed within any particular time limit if the judgment is indeed a nullity due to a complete lack of personal jurisdiction over the defendant. The cases say that a void judgment acquires no validity as the result of laches on the part of the adverse party. [Footnote omitted.]

*Id.* at 260. *Misco* is consistent with this court's holding in *Roberts*.

In this case, the trial court lacked personal jurisdiction over appellant at the time the decree respondent seeks to enforce was entered. Appellant had neither been served with process in the manner authorized by law nor otherwise entered his appearance. As such, the judgment—the decree—was wholly void *ab initio*.

This court holds that Rule 74.06(b) does not apply under these facts in that the judgment was void from its inception. It is not a voidable judgment subject to attack only upon filing a motion within a reasonable time as permitted by Rule 74.06(b). "A void judgment cannot be brought back to life." *Larimer v. Robertson*, 800 S.W.2d 154, 155 (Mo.App.1990).

---

5. In *Platt v. Platt*, 815 S.W.2d 82, 83 (Mo.App. 1991), the Eastern District of this court noted that Rule 74.06 was patterned after Fed.R.Civ.P. 60 but "with substantial modifications." One modification is that Federal Rule 60 provides no time limit on an attack on a judgment as void. *See* Wright and Miller, *Federal Practice and Procedure* § 2862 (1973).

Appellant's point on appeal is well-taken. The trial court erred in denying the motion to set aside the decree of dissolution of marriage and the decree of declaration of paternity. The purported service of summons was invalid because the return does not reflect service of summons in a manner prescribed by law. It was not necessary for the trial court to order service of process quashed.

The order denying the motion to quash service of process is affirmed. The order denying the motion to set aside the decree is reversed. The case is remanded with directions to grant appellant's motion to set aside the decree previously entered.

SHRUM and MONTGOMERY, JJ., concur.