Luella ENGLISH, Respondent,

v.

Herman ENGLISH, Appellant.

Nos. 40570, 40571.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 18, 1979.

David B. Freyman, Newman & Freyman, Clayton, for appellant.

John T. McCaffrey, St. Louis, James L. Chevalier, Clayton, for respondent.

REINHARD, Judge.

This case involves two appeals from the Circuit Court of St. Louis County. In No. 40570 husband claims that the trial court erred in overruling his Rule 74.32 motion to set aside a child support order. In No. 40571 husband argues that the trial court erred when it refused to quash a garnishment and execution issued on the child support and maintenance order. We ordered the causes consolidated for appeal.

The background of these appeals is as follows. Husband, a member of the armed forces, obtained a divorce from wife in the District Court of Cass County, Texas on August 30, 1974. At the time, wife apparently resided in St. Louis, Missouri and the parties' minor child lived with her. She did not appear in the Texas proceeding although that court's decree recites that she was "duly cited by personal service." The Texas court granted a divorce decree, awarded custody of the minor child to wife, and ordered husband to pay $150 per month in child support.

On July 14, 1977, wife filed in the Circuit Court of St. Louis County a "Petition for Registration of Foreign Judgment" requesting that the Texas decree be registered pursuant to Rule 74.79. On that same day, the court, finding that the judgment was in proper form, ordered the "foreign judgment in the sum of $150 per month child support together with interest and cost be registered as prayed." There was nothing in the record showing service by summons on husband. Nor was there a certificate by the Clerk showing that he had notified husband by registered mail of the registration of the foreign judgment.

Wife filed a pleading entitled "Motion to Modify" on July 7, 1977. She alleged that an increase in child support and an award of maintenance were necessary because the minor child, now twenty, had suffered a mental breakdown which required her to reduce the number of hours she could work. A summons for personal service outside the state was directed to husband. The return states that the summons together with a copy of the petition was served upon husband on the 26th day of July, 1977 in the City of Alexandria in the State of Virginia. Lester Fields, a deputy sheriff, swore to the return. A deputy clerk, Rebecca M. Brohard, executed the certificate required by Rule 54.20(b)(1). The certificate was as follows: "Subscribed and sworn to before me this 27th day of July, 1977 by Louis Armstead, who I certify was at the date of such service and now is the Sheriff of Alexandria City County in the State of Virginia and as such is duly authorized to serve process in civil actions within said state and is an officer of the court of which I am clerk."

Husband did not file a responsive pleading to the attempted service. A hearing on the motion, at which wife was the sole witness, was held January 5, 1978. She stated that she had been a resident of Missouri for thirty-six years and that she and husband were married in Missouri. She denied ever being served with process in the Texas proceeding and denied that her husband had been domiciled in Texas. She requested that the court award her custody of the minor child and that the court award her child support and maintenance.

The court entered the following order: Above cause having been heard this day, testimony taken, Court finds and determines that custody of the minor child Herman English III be given to Respondent Lueella English [sic], Petitioner pay Respondent Lueella English [sic] $150.00 per month child support until he reaches 21 or until his infirmity is removed whichever occurs later and that Petitioner pay Respondent Lueella English [sic] $250.00 per month for maintenance, cost to be paid by Respondent.

■ On March 21, 1978, wife filed an affidavit for execution and a request for execution.[1] Subsequently, husband filed a motion to set aside the judgment of January 5, 1978 for irregularity. He also moved to quash the execution. The court overruled both motions. As one of his grounds for relief on both motions he claimed that the service of process in Virginia was deficient. We agree and therefore reverse because the trial court was without jurisdiction to enter its order of January 5, 1978.

Rule 54.20(b)[2] sets forth the requirements for proof of service outside the state. We find the affidavit of service insufficient to comply with Rule 54.20(b) in the following respects: it makes no reference to the official capacity of Deputy Fields; it certifies that Sheriff Armstead and not Deputy Fields appeared before the certifying officer; and the certificate is signed by the deputy clerk and not the clerk. *See In re Marriage of Bradford,* 557 S.W.2d 720, 729 (Mo.App.1977). Therefore, service on the husband was insufficient to attain personal jurisdiction.

■ Wife contends that since this was a motion to modify, summons in the usual form need not be issued and served. She relies on *In re Lipschitz,* 466 S.W.2d 183 (Mo.App.1971) to support her argument wherein we said "[s]ummons in the usual form need not be issued and served, for there is no particular method of service prescribed by statute or rule, but reasonable and proper notice of the motion to modify and the time it is to be called for hearing must be given to the party adversely affected." *Id.* at 185. However, *Lipschitz* is distinguishable from the case at bar in that it involved a motion to modify a Missouri divorce decree, not a motion to modify a foreign decree which had been registered. The wife had the burden of proving that the husband received proper notice. *Greene v. Greene,* 368 S.W.2d 426, 428–29 (Mo. 1963). Even if we were to consider the defective service as notice to the husband that a motion had been filed, there was no evidence that the husband had notice of the hearing date as required in *Lipschitz.* Here, the principles of due process and fundamental fairness require proper service on the party adversely affected.

1. The parties agree that the execution was on the January 5, 1978 judgment and not the foreign judgment or Texas decree.

2. Rule 54.20(b) Outside the State—Officer's Returns—Affidavits of Service

(1) Every officer to whom summons or other process shall be delivered for service outside the state shall make an affidavit before the clerk or judge of the court of which affiant is an officer stating the time, place and manner of such service. There shall be attached to the affidavit the certificate of such judge or clerk as to the official character of the affiant and to his authority to serve process in civil actions within the state or territory where such service was made.

(2) If service of such process is made by a person appointed by the court in which the action is pending such person shall file an affidavit stating the time, place and manner of such service. The court may consider the affidavit or any other evidence in determining whether service has been properly made.

■ We also conclude that at the time of the hearing on the motion to modify, the registration of the foreign judgment was not a final judgment because there was no evidence of either service of process on husband or notice by registered mail. Rules 74.79(d) and (e). Wife suggests that §§ 452.335 and 452.340 RSMo 1975 Supp. provide for an independent proceeding for maintenance and child support and that if there was a defect in the registration procedure, her action should be construed as being brought under these statutes. After examining the transcript of the hearing on the motion to modify and the court's order we conclude that the court proceeded with the assumption that wife's action was an independent proceeding under these sections. The court's order made no mention of the foreign judgment and made no determination of changed circumstances since the prior decree. Even if we were to determine that the wife's motion was an independent proceeding, such determination would not aid wife because she failed to attain proper service on the husband. Any judgment on her motion would be void. Since the court's judgment of January 5, 1978, was void, husband's motion to quash should have been sustained.

Reversed and remanded as to Case No. 40570.

Reversed and remanded as to Case No. 40571 with directions to trial court to enter an order sustaining the motion to quash.

DOWD, P. J., and CRIST, J., concur.