INDUSTRIAL PERSONNEL
CORPORATION, Relator,

v.

The Honorable James S. CORCORAN,
Judge of the Circuit Court of the City
of St. Louis, Missouri, Respondent.

No. 44245.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 15, 1981.

Timothy K. Kellett, Thomas B. Weaver, St. Louis, for relator.

Godfrey Padberg, Samuel T. Vandover, St. Louis, Kemper Coffelt, Clayton, Wm. F. James, St. Louis, for respondent.

SMITH, Judge.

Relator sought, and we granted, our alternative writ of mandamus requiring respondent to set aside a default judgment against relator and to quash service of process. The underlying law suit is an action for personal injuries and wrongful death against relator and other defendants. Relator is an out-of-state corporation. Service was attempted pursuant to Sec. 506.500, RSMo 1978, the Missouri Long-Arm Statute. When relator failed to respond within the prescribed time, plaintiffs in the underlying cause sought an interlocutory judgment of default, which was granted. The court order granting the default provided that the damages to be assessed against relator be determined in the jury trial as to the other defendants. Respondent thereafter denied relator's motion to set aside the default, quash service, and dismiss for lack of jurisdiction of relator.

■ Relator launches several challenges against the service; we need deal with only one. The service was made in Tarrant County, Texas, by an individual delineated as "Deputy Sheriff of Tarrant County." The jurat to the return was by a "Notary Public in and for Tarrant County, Texas."

No certification was made by a judge or clerk "as to the official character of the affiant and to his authority to serve process in civil actions within the state or territory where such service was made." Such certification is required by Rule 54.20(b)(1). And *see* Civil Procedure Form No. 5. In the absence of the certification required by the Rule, the service is "manifestly deficient" and does not confer personal jurisdiction over the defendant. *In re Marriage of Bradford,* 557 S.W.2d 720 (Mo.App.1977) [12–15]; *English v. English,* 592 S.W.2d 297 (Mo.App.1979) [1].

Respondent contends, however, that the service is in accord with Sec. 506.510 RSMo 1978, and that Rule 54.18 allows service in accord with the provisions of that statute. Rule 54.18 states: "Where a statute contains provisions for a method of service, service may be made pursuant to the provisions of the statute or as provided by these Rules." Respondent's contention confuses the difference between *method* of service and *proof* of service. It may be conceded for purposes of this opinion that the service in question here was obtained by the *method* set forth in Sec. 506.510.

■ It is a fundamental precept of jurisprudence in this nation that the rights of a party may not be adjudicated in the absence of notice to that party of the pendency of the litigation. Such notice is the fundamental purpose of service of process. *State ex rel. Mills Automatic Merchandising Corp. v. Hogan,* 232 Mo.App. 291, 103 S.W.2d 495 (1937) [5–7]. In the type of action before us, that notification must be by personal service. In the absence of such service the court does not acquire jurisdiction to adjudicate the cause as to that defendant. *Ponder v. Aamco Automatic Transmission, Inc.,* 536 S.W.2d 888 (Mo.App. 1976) [1, 2]. In order to protect this guarantee of due process, the courts and legislative bodies have devised an elaborate set of rules. One aspect of those rules is to insure that in fact the notification reaches the defendant. Those provisions relate to the persons who may be served who are deemed sufficiently reliable to insure that notification will, in fact, be given to the defending party. *See,* for example, Rule 54.13, Sec. 506.150, 506.510, 506.240. Those rules deal with the method by which service may be effectuated.

■ The second aspect of the rules is to establish that the proper method of service has been obtained. This is the province of Rule 54.20. It establishes the proof which must be presented to the court to establish that, in fact, the defendant has been notified of the pendency of the action. In the absence of proof of service in accord with the rule, the court lacks the proof established by the Supreme Court as necessary to determine that the court has jurisdiction of the person of the defendant. In the absence of such proof, the court does not have jurisdiction to determine the rights of the defendant, unless he has consented to such jurisdiction or has waived the objection to personal jurisdiction. Neither consent nor waiver has occurred in the underlying suit. With the exceptions noted, proper service itself is inadequate to confer jurisdiction in the absence of the rule mandated proof of that service.

■ If the service is made out-of-state by an official authorized to make service, Rule 54.20 requires that the court have before it evidence, through certification by a judge or clerk, that the person who has effectuated service is authorized by law to make such service and thereby to attest his actions by execution of the return. The respondent did not have such evidence before it and for that reason lacked jurisdiction of the relator. Respondent's contention that the third paragraph of 506.510, requiring an affidavit of the serving officer, constitutes the only legislative requirement to validate service, is misplaced. That paragraph provides for the evidence to establish that the method of service was sufficient. Its reference to "time, manner and place" deals with facts establishing the method of service not proof of the status of the serving officer. That paragraph does not provide evidence that the serving officer is authorized to make the service. His affidavit does not, under the rule, prove his authority.

Respondent also contends that relator admitted, at the hearing to set aside the default, that it had received the process and through inadvertence had failed to answer. Such actual knowledge, if true, does not confer jurisdiction. *In re Marriage of Bradford, supra,* [16]. The court's jurisdiction is determined by the return of service, not by after the fact evidence of actual knowledge. Where the return is deficient on its face, as is true here, the court acquires no jurisdiction. *State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62 (banc 1956) [1–3]; *Carter v. Flynn,* 232 Mo. App. 771, 112 S.W.2d 364 (1938) [2].

Relator seeks to have us order that the case be dismissed. Such relief is not appropriate. The court has subject matter jurisdiction and may well obtain personal jurisdiction upon proper service.

Our alternative writ is made mandatory with directions to respondent to set aside the interlocutory judgment of default and to quash the return of service.

STEWART and SIMON, JJ., concur.