Thomas **GERDING**,
Plaintiff-Respondent,

v.

**HAWES FIREARMS CO.,**
Defendant-Appellant.

No. 49577.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 3, 1985.

Rehearing Denied Oct. 3, 1985.

Paul S. Brown, St. Louis, Bryan Hettenbach, Clayton, for defendant-appellant.

Anthony J. Coultas, St. Louis, for plaintiff-respondent.

GARY M. GAERTNER, Judge.

This case is on appeal from an order of the Circuit Court of Monroe County overruling appellants' petition for review and motion to set aside and vacate a default judgment entered against them. Appellants allege the circuit court erred in entering the default judgment because the court did not have personal jurisdiction over appellants due to improper returns of service. Finding the returns of service improper, we reverse the circuit court.

On November 21, 1972, in Monroe County, Missouri, plaintiff Thomas Gerding sustained an injury to his leg when he was struck by a bullet shot from a revolver that had fallen from a holster which was strapped around his waist. On November 15, 1977, Gerding filed a petition for damages in the Circuit Court of the City of St. Louis against appellants Hawes Firearms Company (hereinafter Hawes) and J.P. Sauer & Sohn (hereinafter Sauer), together with Outdoor Sports Headquarters, Inc. (hereinafter Outdoor Sports), alleging the three defendants had improperly designed and manufactured the revolver. On September 16, 1979, the court sustained all three defendants' motion to dismiss, which alleged lack of jurisdiction, improper venue, and the running of the statute of limitations.

On July 24, 1980, Gerding filed substantially the same one count petition against the three defendants in the Circuit Court of Monroe County. On September 29, 1980, defendant Outdoor Sports specially appeared and filed a motion to dismiss the petition, alleging lack of jurisdiction and the running of the statute of limitations. On May 29, 1982, the court granted this motion, thus dismissing the suit as to Outdoor Sports.

Defendants Hawes and Sauer, however, failed to appear, and on September 13, 1982, the court entered a default judgment against them in the amount of $75,000.00.

On March 31, 1983, this court issued an order granting appellants' motion to file a late notice of appeal from the default judgment. On April 3, 1984, this court issued an opinion holding that the "default judgment is not appealable in the absence of a motion to set aside or vacate" in the trial court. *Gerding v. Hawes Firearms Co.*, 668 S.W.2d 646 (Mo.App.1984) (quoting *Vonsmith v. Vonsmith*, 666 S.W.2d 424 (Mo. banc 1984)).

On May 25, 1984, appellants returned to the Circuit Court of Monroe County and filed a motion to set aside and vacate the default judgment. On December 28, 1984, the circuit court issued an order overruling the motion. This appeal follows.

Although the parties have briefed and argued a number of issues on appeal, we need not look beyond the threshold issue of whether, given the form of the returns of service, the trial court erred in entering and refusing to review the default judgment against defendants Hawes and Sauer. Finding that the court lacked personal jurisdiction over Hawes and Sauer due to the improper returns of service, we hold that the default judgment was void and, consequently, could be attacked at any time.

■ If the return or proof of service is deficient on its face, the court acquires no jurisdiction over the party allegedly served. *Industrial Personnel Corp. v. Corcoran,* 643 S.W.2d 816, 819 (Mo.App.1981). A judgment entered without personal jurisdiction over a party is void. *A.T. Knopf, Inc. v. Richardson,* 674 S.W.2d 174, 177 (Mo. App.1984). For a default judgment to be valid, therefore, there must be compliance with the pertinent statutory provisions on return of service.

■ In the instant case, both Hawes and Sauer were foreign corporations and thus the return of service was governed by Missouri Civil Rule 54.20(b)(1). That rule requires that there be a certificate attached to the affidavit attesting to service. The certificate must be executed by a judge or clerk of the court in which the affiant is an officer, and must attest to the official character of the affiant and his authority to serve process. Absent the required certification, "the service is 'manifestly deficient' and does not confer personal jurisdiction over the defendant." *Industrial Personnel Corp., supra* at 818 (quoting *In re Marriage of Bradford,* 557 S.W.2d 720, 729 (Mo.App.1977)).

The return of service on Hawes does not have any certificate attached and, therefore, is deficient. The return of service on Sauer does have a certificate attached, but that certificate contains no attestation to the official character of the affiant officer. Hence, both returns are deficient and the circuit court was without authority to enter a default judgment against either of the defendants.

■ Respondent Gerding, however, claims that appellants are nonetheless barred from attacking the default judgment because the motion to set aside or vacate the judgment was not filed within thirty days of the judgment's entry, and therefore Rule 75.01, limiting the time of a trial court's control over a judgment, precluded consideration of the motion. This argument is unpersuasive because the default judgment, being void due to the lack of jurisdiction, remains void forever and any kind of proceeding to cancel it is proper. *State ex rel. Rhine v. Montgomery,* 422 S.W.2d 661, 663 (Mo.App.1967). We hold, therefore, that the thirty day period of Rule 75.01 cannot apply to a default judgment void for lack of jurisdiction.

Finally, respondent Gerding claims that any infirmities in the returns of service on Hawes and Sauer were cured by the amendment of the returns which was effected pursuant to the circuit court's order of March 18, 1985. The circuit court, however, erred in issuing that order.

■ Rule 54.22 provides "[t]he court may in its discretion *within one year thereof* allow any process, return or proof of service thereof to be amended...." (Emphasis added). This Rule became effective on August 13, 1984, and it applied even to pending cases as of that date. Rule 41.06. *See also City of Branson v. Biedenstein,* 618 S.W.2d 665, 670 (Mo. banc 1981) (holding procedural statutes applicable to pending cases).

In the instant case, service was allegedly made on Hawes and Sauer on August 15, 1980 and August 19, 1980, respectively. The returns of service were not filed in the circuit court until August 2, 1982. The court's March 18, 1985 order permitting amendment of the returns, therefore, was not within the Rule 54.22 one-year period, and the circuit court erred in issuing the order. The purported amendment cannot cure the original returns of service.

In accordance with our reversal of the circuit court's judgment, respondent's mo-

tion for damages for frivolous appeal, filed pursuant to Rule 84.19, is denied.

The circuit court's order entering default judgment against appellants is reversed.

DOWD, P.J., and SNYDER, J., concur.