**In re Marriage of SOUTHARD.**

**Roy L. SOUTHARD,**
**Petitioner-Respondent,**

v.

**Brenda Diane SOUTHARD,**
**Respondent-Appellant.**

**No. 14912.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 29, 1987.

Devon F. Sherwood, Sherwood, Honecker & Bender, Springfield, for respondent-appellant.

Charles M. LeCompte, Springfield, for petitioner-respondent.

HOGAN, Judge.

This is an action for dissolution of a marriage tried in the Associate Division of the Circuit Court of Greene County. We have no transcript, but the petitioner averred that he was and had been a resident of the state for more than ninety (90) days immediately preceding the filing of the petition; that the parties were married on or about November 1, 1982, in Jasper County, and were finally separated in June 1986. It was further alleged that the respondent left the marital home taking with her "all of her personal belongings, including some of the marital furniture, a marital 1980 Thunderbird, and a marital savings account of $4,500.00 which Respondent withdrew from the joint savings account held in the First National Merchants Bank in Joplin, Missouri." Prayer of the petition was for an order dissolving the marriage and for the division of marital and non-marital property.

■ The petition was filed June 9, 1986. On the same day a summons issued in the form prescribed for personal service outside the State as permitted by Rule 54.06.[1] The return recites personal service by delivery to the respondent on June 13, 1986. Service was made and the return was executed in Marion County, Indiana, by one M.J. Dugan, who signed the return as "#1150 Deputy," but made no proof of service as required by the second sentence of Rule 54.20(b)(1).[2] An affidavit of service was filed, but no certification was made by a judge or clerk "as to the official character of the affiant and to his authority to serve process in civil actions within the state or territory where such service was made." Because there was no certification as required by Rule 54.20(b)(1), the service conferred no personal jurisdiction over the respondent. *Industrial Personnel Corpo-*

*ration v. Corcoran,* 643 S.W.2d 816, 817–18[1] (Mo.App.1981); *English v. English,* 592 S.W.2d 297, 299[1] (Mo.App.1979); *In re Marriage of Bradford,* 557 S.W.2d 720, 729 (Mo.App.1977). No other service of process was attempted or obtained. Nevertheless, on July 15, 1986, the trial court found respondent in default, ordered the marriage dissolved, and divided the parties' marital and non-marital property in conformity with a schedule of assets furnished by the petitioner. The respondent appeals.

■ It may be observed that in personam jurisdiction is not necessary to the dissolution of a marriage because insofar as such a proceeding affects status only [such as the marriage itself or custody of the children] the action is in rem—or at least quasi in rem—and requires for a valid judgment only that the res be before the court on proper notice. *In re Marriage of Breen,* 560 S.W.2d 358, 361[3–5] (Mo.App. 1977). Further, the power of a state to adjudicate interests in land located within that state may be validly exercised even though the person who claims those interests is not personally before the court. *Id.,* 560 S.W.2d at 361; Restatement (Second) of Conflict of Laws § 59, p. 197 (1971). Nevertheless, as we have just noted, no method of service other than personal service outside the state was attempted, and the respondent's failure to appear did not waive the personal jurisdictional defense. *Crouch v. Crouch,* 641 S.W.2d 86, 93–94 (Mo.banc 1982). The decree was entered without proof of any valid service of process and without, as far as the record shows, any order of appearance by the respondent. The court was without jurisdiction to proceed, *State ex rel. Minihan v. Aronson,* 350 Mo. 309, 314, 165 S.W.2d 404, 407[3] (1942), and its judgment is wholly void.

---

1. Reference to rules are to Missouri Rules of Court (17th ed. 1986).

2. Rule 54.20(b)(1) reads: "Every officer to whom summons or other process shall be delivered for service outside the state shall make an affidavit before the clerk or judge of the court

of which [the] affiant is an officer stating the time, place and manner of such service. *There shall be attached to the affidavit the certificate of such judge or clerk as to the official character of the affiant and to his authority to serve process in civil actions within the state or territory where such service was made."* (Our emphasis.)

While it is often stated that when the trial court had no jurisdiction, the appellate court has none, there is a respectable line of authority, never overruled, that orders or decrees which are void, and not merely erroneous, will be considered colorable and subject to being reviewed and reversed on appeal. *Kansas City Sanitary Co. v. Laclede County*, 307 Mo. 10, 14–15, 269 S.W. 395, 397[2][3] (banc 1925); *State ex rel. Coonley v. Hall*, 296 Mo. 201, 212, 246 S.W. 35, 37[3] (banc 1922); *State v. Anderson*, 413 S.W.2d 161, 163[6] (Mo. 1967); *Byrd v. Brown*, 641 S.W.2d 163, 168 (Mo.App.1982); *Kansas City v. Reed*, 546 S.W.2d 727, 731 (Mo.App.1977). Inasmuch as the trial court had no jurisdiction to determine the issues tendered on their merits, the judgment is coram non judice and is accordingly set aside.

PREWITT, P.J. and FLANIGAN and MAUS, JJ., concur.