HILL BEHAN LUMBER COMPANY,
Plaintiff/Respondent,

v.

Hubert BANKHEAD and Barbara
Bankhead, Defendants/Appellants.

No. 64816.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 16, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 19, 1994.

Application to Transfer Denied
Oct. 25, 1994.

Carl J. Lumley, Curtis, Oetting, Heinz, Garrett & Soule, Clayton, for plaintiff/respondent.

Richard L. Swatek, St. Louis, for defendants/appellants.

SIMON, Presiding Judge.

Appellants, Hubert Bankhead and Barbara Bankhead, appeal the order of the Circuit Court of the City of St. Louis, denying their motions to dismiss. Appellants contend that the trial court erred in denying their motions to dismiss for the reason that Supreme Court Rule 54.20(b) requires an affidavit of service by an officer making a return outside the state in order to constitute proper proof of service and further, lacking proper proof of service, which was no longer curable, the trial court did not have personal jurisdiction over appellants and the default judgment rendered against them was therefore void.

On April 20, 1990, respondent, Hill–Behan Lumber Co., filed a petition in the Circuit Court of the City of St. Louis against appellants and other defendants, John F. Rekart, trustee for the Bank of Edwardsville, Clifton W. Gates, trustee for The Gateway National Bank of St. Louis, the City Counselor of the City of St. Louis, trustee for Comptroller, City of St. Louis, and Rand Juliano, trustee for the Bank of Edwardsville, to enforce a mechanic's lien on property (Count I) for materials used by appellants on an open account to improve property located in the City of St. Louis and in Count II to recover $2,065.18 on an open account. The petition alleged that the materials in question were provided on May 4, 1989. The lien was filed on October 27, 1989. Respondent's petition

alleged that appellants were residents of Illinois.

The summons directed to appellants were issued on April 24, 1990. According to the return forms, service of process was allegedly made on April 28, 1990 by a deputy sheriff of Madison County, Illinois, whose return indicated service was made by delivering a copy of the summons to Doug Bankhead, appellants' son. On the summons there was a printed "Directions for Service" form, providing directions for service outside the State of Missouri and containing the certification required for service outside Missouri. Following service, the Madison County Sheriff's Department made the return as follows. A stamp, with handwritten information and signature in bold face, was imprinted on the return of service form:

> I certify that this document has been served in accordance with Illinois State Statutes governing service of process. Particulars of the specific service are contained in the records of the Sheriff's Headquarters, 405 Randle St., Edwardsville, Il. 62025
>
> > Doug Bankhead (handwritten)
> > son
>
> BOB CHURCHICH, Sheriff
>
> By /s/B Harrell/s/
>
> Date of Service 4/28/90

On September 6, 1991, the case was called but appellants and other defendants did not appear and were in default. On September 19, 1991, the trial court issued its Findings, Judgment and Decree, awarding respondent judgment on Count I for $9,093.41 plus interest, with a mechanic's lien on the property in question and on Count II, the trial court awarded respondent judgment on the open account claim for $2500.33, plus interest.

On July 6, 1993, each appellant filed a "motion to dismiss", pursuant to Rules 74.-06(b)(4) and 55.27. The motions alleged that: (1) the officer's return does not contain an affidavit of service as required by Rule 54.-20(b)(1); (2) prior to default judgment being entered against them, appellants had not appeared before the trial court; and therefore (3) the trial court does not have jurisdiction over the appellant and the default judgment is void ab initio; and further (4) the time to amend and cure the insufficiency of process as allowed by Rule 54.22 has run.

Appellants' motions were heard by the trial court and taken under advisement on August 6, 1993. At the hearing, respondent offered three exhibits into evidence.

The first exhibit consists of correspondence, an affidavit, and subpoena from Lt. Baetz of the Madison County Sheriff's Department. The correspondence states that Lt. Baetz and Deputy Weigers would not be able to attend the motion hearing, however, they would be able to appear if respondent was able to obtain a continuance. In his affidavit, Lt. Baetz states that: (1) he is a deputy sheriff and the Director of Administrative Services for the Madison County Sheriff's Department; (2) he is responsible for and keeper of all records of service of process pertinent to the operation of the department; and (3) that he is under subpoena for the State of Wisconsin for the day of the hearing and therefore is unable to attend the hearing. Respondent further offered a copy of the subpoena of Lt. Baetz by the State of Wisconsin for the date of the hearing.

Exhibit # 2 consists of what appear to be two copies of the "log sheets" of the Madison County Sheriff's Department indicating service upon each of appellants by service upon their son. Each copy is notarized by Barbara Harrell as " 'A True Copy' of the original record of service as maintained on file with the Madison County Sheriff's Department ...". The "log sheet" appears to be a form that the serving officer fills in after service is completed. These forms reflect, in pertinent part, with handwritten notations in bold:

SERVED TO: Doug Bankhead (son)
SERVED DATE: 4–28–90
SERVED TIME: 10:50AM
SERVED SEX/AGE: m/19          DEF NAME: BANKHEAD, HUBERT D
SERVED ADDRESS: ----------->   DEF ADD: 609 RIGGIN RD
                               CITY/STATE/ZIP: TROY, IL.62294

**served by Weigers # 81**

ATTEMPTS: DBA H B D ASSOCIATES

REMARKS: MAY 20 90

---

A similar "log sheet" was offered by respondent, designating service upon Barbara Bankhead, as well.

Respondent next offered into evidence a copy of a fax sent by Barbara Harrell to respondent on August 5, 1993. This correspondence concerns Madison County Sheriff's Department service of process policy, which provides:

RE: SERVICE OF PROCESS

THE ATTACHED PROCESS HAS NOT BEEN SCHEDULED FOR SERVICE BY OUR DEPARTMENT. IT IS RETURNED TO YOU WITH THE ADVICE THAT THE MADISON COUNTY SHERIFF'S DEPARTMENT DOES NOT SUPPLY ANY TYPE OF SUPPLEMENTARY AFFIDAVIT OF SERVICE ON PROCESS SERVED BY SHERIFF'S DEPUTIES.

THE SERVICE OF PROCESS IS CERTIFIED IN THE NAME OF THE SHERIFF ON THE ORIGINAL OF SAME AND A RECORD OF SERVICE IS AVAILABLE IN THE SHERIFF'S DEPARTMENT UPON DEMAND.

MANY STATE COURTS REQUIRE AN AFFIDAVIT OF CERTIFICATE, SIGNED BY THE DEPUTY SHERIFF WHO SERVED THE PROCESS, TO BE FILED WITH THE RETURN. THE MADISON COUNTY SHERIFF'S DEPARTMENT WILL ONLY PROVIDE A RETURN WITH A STAMPED CERTIFICATION ON THE FACE OF THE DOCUMENT, SIGNED BY THE PROCESS CLERK, ATTESTING TO THE SERVICE.

SERVICE OF PROCESS IS MADE AND RETURNED IN ACCORDANCE WITH THE LAWS OF THE STATE OF ILLINOIS AND THE SHERIFF OF MADISON COUNTY IS NOT BOUND BY THE LAWS OF OTHER STATES REGARDING AFFIDAVITS OF CERTIFICATION OF SERVICE.

HOWEVER, IF YOU WISH THIS DEPARTMENT TO MAKE SERVICE KNOWING THE ABOVE, RETURN THE DOCUMENT TO US, WITH THE APPROPRIATE FEE AND THE LETTER STATING APPROVAL FOR SERVICE AND WE WILL SCHEDULE FOR SERVICE.

SINCERELY,

LT. CONRAD E. BAETZ

DIRECTOR OF ADMINISTRATIVE SERVICES

MADISON COUNTY SHERIFF'S DEPARTMENT

Subsequently, on August 25, 1993, the trial court denied appellants' motions to dismiss. Appellants filed their notice of appeal on September 23, 1993.

On appeal, respondent has filed a second motion to dismiss "on the grounds that Appellants' Points Relied On do not comply with Rule 84.04(d) and, therefore, Appellants have failed to preserve any issue for appellate review." We have reviewed the points and arguments and find that they are sufficient, but not fully in compliance with our Rules. *Motion denied.*

We shall consider appellants' two points together. Essentially, appellants argue that the trial court improperly denied their motions to dismiss for the reason that the officer's return does not satisfy the requirements of Rule 54.20(b)(1), which sets forth what must be included in an officer's return of service when service is accomplished outside of the state, and since the officer's return did not comply with Rule 54.20(b)(1), the trial court did not have personal jurisdiction over the appellants and the judgment was void. Further, appellants argue that the defect in service was not curable.

Respondent argues that the trial court properly denied appellants' motions to dismiss because the trial court correctly examined evidence of service beyond the face of the return, in that Rule 54.20(b)(1) authorizes trial courts to examine any evidence in determining whether service was properly made.

Section 54.20(b)(1) provides:

(b) Outside the State—Officer's Returns—Affidavits of Service

(1) Every officer to whom summons or other process shall be delivered for service outside the state shall make an affidavit before the clerk or judge of the court of which affiant is an officer or other person authorized to administer oaths in such state stating the time, place and manner of such service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where such service was made. The court may consider the affidavit or any other evidence in determining whether service has been properly made.

Under the rule the officer making the return must attest to his official character and authority to serve process within the state, as well as the place, time, and manner of service. *State ex rel. Tinnon v. Mueller*, 846 S.W.2d 752 (Mo.App.1993). In the instant action, there was no certification as to the place, time, and manner of service, nor to the affiant officer's official character and authority to serve process within the State of Illinois.

Clearly such certification is required. We have consistently held that in the absence of certification required by the Rule, the service is "manifestly deficient" and does not confer personal jurisdiction over the defendant. *Industrial Personnel Corp. v. Corcoran*, 643 S.W.2d 816, 818[1] (Mo.App.1981).

A judgment entered against a party by a court lacking personal jurisdiction over such party is void. *State ex rel. Houston v. Malen*, 864 S.W.2d 427, 430[1–3] (Mo.App. 1993). The trial court lacked personal jurisdiction over appellants at the time the default judgment respondent seeks to enforce was rendered. As such, the judgment was void. Further, a default judgment, being void due to lack of jurisdiction, remains void forever and any kind of proceeding to cancel it is proper. *Gerding v. Hawes Firearms Co.*, 698 S.W.2d 605, 607[5] (Mo.App.1985).

Respondent contends that the trial court was allowed to examine "any other evidence" to determine whether service was properly made. Further, respondent contends that "upon examination of the record presented to the trial court, it is amply demonstrated that the Bankheads were in fact properly served on April 28, 1990, as certified by the Sheriff of Madison County, Illinois." Specifically, respondent refers to the returns of service, as well as Exhibits # 1–3.

The returns clearly do not comply with Rule 54.20(b)(1). The only information we have found on the returns is the stamp and signature by a notary public, and a handwritten designation referring to appellants' son. There is no reference to place, time, or manner of service, nor to the official capacity or authority of the person who served the process in question. Thus, the information provided is clearly deficient and not in conformity with the Rule.

Respondent offered exhibit # 1, which consists of correspondence, an affidavit, and a subpoena concerning Lt. Baetz, the Director of Administrative Services of the Madison County Sheriff's Department. Respondent offers this exhibit to show "that these witnesses were willing to appear at a later date to testify service was properly made". We first note that the exhibit does show that these officers, who did not appear, were under subpoena from Wisconsin on the

date in question. However, no where can we discern any relevant evidence from this document relating to proper service. Exhibit # 1 does not assist in establishing compliance with the Rule.

Respondent offered Exhibit # 2, the "log sheets" of the Madison County Sheriff's Department, claiming that these records show the time, place, and manner of service and "demonstrate the official character and authority of the officer who made service". We shall assume that respondent is referring to the handwritten designation of "served by Weigers # 81" in its blanket statement to satisfy the official character and authority to serve requirement. This evidence merely reflects who served the process and is not sufficient to satisfy the official capacity and authority requirement of the Rule.

Finally, respondent offers Exhibit # 3 which consists of a "fax" sent to respondent from the Sheriff's Department stating that it would not provide the certification as required under Missouri law. Respondent offers this exhibit to show "that the way service was done in this case was no different than the way it's done in any other case where Madison County, Illinois, receives a process in a civil action from another state". Again, this does not assist in curing the defective return. The return must be in compliance with Missouri law. Further, as appellant contends, this "fax" put respondent on notice as to the necessity of compliance with Rule 52.20(b)(1).

Respondent contends that appellant, Hubert Bankhead, has waived his right to personal jurisdiction because he entered an appearance by filing notice of exemptions prior to his motion hearing. This alleged entry occurred after the default judgment was entered. Actual knowledge of the pendency of litigation, if true, does not confer jurisdiction. *Industrial Personnel,* 643 S.W.2d at 819[7]. The court's jurisdiction is determined by the return of service, not by after the fact evidence of actual knowledge. *Mueller,* 846 S.W.2d at 754[2]. Where the return is deficient on its face, as is here, the court acquires no jurisdiction. *Industrial Personnel,* 643 S.W.2d at 819[7].

Respondent contends that the trial court is able to consider other evidence to establish proper service pursuant to Rule 54.20(b)(1) and that Rule 54.22, which grants the trial court discretion to allow process, return or proof of service to be amended, no longer contains a one year time limitation on amendments to the return of service. We need not consider respondent's allegations because, as stated previously, the other evidence submitted by respondent does not cure the defective service.

The order denying the appellants' motions to dismiss is reversed and remanded to the trial court with directions to relieve appellants from the default judgment in accordance with Rule 74.06.

REVERSED AND REMANDED WITH DIRECTIONS.

PUBLOWSKI, J., concurs.

GRIMM, J., dissents.

GRIMM, Judge, dissenting.

I respectfully dissent.

The return of service on a summons outside the state is governed by Rule 54.20(b). Before January 1, 1989, this rule required the officer to make an affidavit of service. In addition, a judge or clerk had to certify the officer's official character and authority. This rule did not permit any exceptions to these requirements.

In 1988, two things occurred. First, the General Assembly attempted to amend Rule 54.20. *See* S.C.S.H.B. 1660 in 1988 Mo.Laws 983. Second, the supreme court amended Rule 54.20(b) effective January 1, 1989. Both changes contained an identical addition to old Rule 54.20(b). It is: "The court may consider the affidavit or any other evidence in determining whether service has been properly made." Thus, the trial court is no longer limited to looking only to the return itself to determine if a defendant has been served.

This was a salutary change. No doubt it recognizes the practical problem Missouri courts had in requiring other states' sheriffs and process servers to make their returns

comply with Missouri law. For examples, see *In Re Marriage of Bradford,* 557 S.W.2d 720, 729 (Mo.App.S.D.1977) (certification by deputy clerk instead of clerk); *English v. English,* 592 S.W.2d 297, 299 (Mo.App.E.D. 1979) (certificate does not refer to official capacity of deputy sheriff and certificate signed by deputy clerk instead of clerk); *Industrial Personnel Corp. v. Corcoran,* 643 S.W.2d 816 (Mo.App.E.D.1981) (certification by notary public instead of judge or clerk).

With the new addition to Rule 54.20(b), trial courts can correctly focus on the fundamental question: Were the summons and petition served on defendant? If a positive answer can be given, that critical due process requirement has been met. The new rule gives the trial court the latitude to look at all of the evidence to make that determination. Trial courts are no longer restricted to looking at only the return of service.

Turning to this case, this court's standard of review is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). The trial court's judgment must be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law.

Here, substantial evidence, and the reasonable inferences derived therefrom, support the trial court's judgment that defendants had been properly served. This evidence discloses that: (1) the petition was filed April 20, 1990; (2) on April 24, 1990, the Circuit Clerk prepared the summons and directed it to "Sheriff of Madison County IL"; (3) the summons prepared by the Circuit Clerk shows defendants' address is "609 Riggin Road, Troy, IL."; (4) the return shows the papers were served on April 28, 1990; (5) the return states the particulars of service can be obtained at Sheriff's office in Edwardsville, IL.; (6) the return and log sheet show the papers served on "Doug Bankhead, son"; (7) the log sheet reflects son is 19 years old and was served at 10:50 a.m.; (8) the log sheet shows address where service occurred as "609 Riggin Rd, Troy, IL. 62294"; and (9) the stamped certificate on the return shows that it was served "BOB CHURCHICH,

Sheriff By /s/ B. Harrel." Further, the trial court could be aware that Edwardsville is the county seat of Madison County, IL. and that Troy is located in Madison County. This "other evidence" is sufficient to show that service has been properly made. *See* Rule 54.20(b).

In addition, it is noted that Mr. Bankhead's motion to dismiss does not allege he did not actually receive service of process. Rather, his motion only contends that the return of service does not comply with Rule 54.20(b)(1).

On the other hand, Mrs. Bankhead's motion does allege that she has never been served with process. However, her motion did not state that she and Mr. Bankhead were not living together, that she did not reside at the address where her son was served, or any other operative facts. In its discretion, the trial court could elect not to believe the statements in her motion.

Turning to the other prongs of *Murphy* concerning the declaration or application of the law, the trial court committed no reversible error. Our supreme court many years ago recognized that it was the service of process, not the return thereon, that established jurisdiction. In *Kahn v. Mercantile Town Mut. Ins. Co.,* 228 Mo. 585, 128 S.W. 995, 997 (Mo.Div. 1 1910), the court said:

> It was the service of the writ and petition upon the defendant, and not the return, that gave the trial court jurisdiction over the person of the defendant. The return was merely the evidence by which the court was informed that the defendant had been served.

*Kahn* [1] clearly says it is the service, not the return, that gives the trial court jurisdiction. However, this clear statement has not always been followed. The source of this failure seems to be *dicta* in a 1977 case, *Bradford,* 557 S.W.2d at 729. After discussing the return of service, the southern district said that "the defense of lack of personal jurisdiction was not presented nor mentioned ... [and] must be considered waived." *Id.* Nevertheless, the opinion contains the

---

**1.** *See also Hirst v. Cramer,* 195 S.W.2d 738, 740 (Mo. banc 1946).

statement, unsupported by any citation, that "because the return of service was deficient, the service of process was not effective to confer personal jurisdiction" on the respondent. *Id.*

In *English,* a 1979 case, this court found that a return of service was deficient for not complying with Rule 54.20(b). Citing only *Bradford,* this court said that "service on the husband was insufficient to attain personal jurisdiction." *English,* 592 S.W.2d at 299.

Two years later, this court decided *Industrial.* In that case, this court said:

> In the absence of the certification required by [Rule 54.20(b)(1) ], the service is 'manifestly deficient' and does not confer personal jurisdiction over the defendant. *In re Marriage of Bradford,* 557 S.W.2d 720 (Mo.App.1977) [12–15]; *English v. English,* 592 S.W.2d 297 (Mo.App.1979) [1].

*Industrial,* 643 S.W.2d at 818.

Then, in 1985, this court decided *Gerding v. Hawes Firearms Co.,* 698 S.W.2d 605 (Mo. App.E.D.1985). There, the return of service did not contain a certificate attesting to the official character of the affiant officer. *Id.* at 607. As a result, citing *Industrial,* this court found that the circuit court acquired no jurisdiction over the defendants.

In 1987, the southern district decided *In re Marriage of Southard,* 733 S.W.2d 867 (Mo. App.S.D.1987). The court said: "Because there was no certification as required by Rule 54.20(b)(1), the service conferred no personal jurisdiction over the respondent." *Id.* at 868. In support, the court cited *Industrial, English,* and *Bradford.* As previously indicated, all three of those cases stem from the dicta in *Bradford.* Also, all three cases arose before the 1989 change in Rule 54.20(b).[2]

If the cases from *Bradford* to *Southard* had any vitality, new Rule 54.20(b) has sapped their strength. The new rule specifically authorizes the trial court to consider "any other evidence." This language expressly authorizes the trial court to look be-yond the return of service and determine "whether service has been properly made." Rule 54.20(b)(1).

Thus, the *Bradford* dicta, "because the return was deficient, the service of process was not effective to confer personal jurisdiction," is not the law in this state. Nor can it any longer form a basis for such a holding. The trial court did not erroneously declare or apply the law.

Finally, a brief look should be made at the federal rule. Federal Rule of Civil Procedure 4 pertains to service of process. Since 1984, Rule 4(c)(2)(A) has permitted service of summons and complaint by any nonparty 18 years of age or older. Although the person making service must file an affidavit, the contents thereof are not specified. Also, the rule provides that "Failure to make proof of service does not affect the validity of the service." Fed.R.Civ.P. 4(g).

Therefore, I would affirm.

---

**2.** *State ex re. Tinnon v. Mueller,* 846 S.W.2d 752, 754–55 (Mo.App.E.D.1993) refers to *Industrial, Bradford,* and *English.* Three "defects" in the return of service are discussed. This court con-cluded that the return "satisfied the requirements of Rule 54.02(b)(1) as amended." *Id.* at 756.