Ernest **SHAPIRO**, Plaintiff/Respondent,

v.

Constance M. **BROWN**,
Defendant/Appellant.

No. 74000.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 3, 1998.

Charles S. Kramer, James O. Hacking, III, St. Louis, for defendant/appellant.

Michael A. Wolff, Charles A. Seigel, III, St. Louis, for plaintiff/respondent.

RHODES RUSSELL, Judge.

Constance Brown ("Defendant") appeals from the trial court's judgment denying her Motion to Set Aside a default judgment entered against her. Defendant claims the default judgment was void due to insufficient service of process. We reverse and remand.

In October 1996, Ernest Shapiro ("Plaintiff") filed suit in St. Louis County against Defendant for recovery of rent and damages. The original summons, which directed the sheriff to serve Defendant at the law offices of her former attorney in St. Louis County, was returned unexecuted. Plaintiff requested that an alias summons be served on Defendant at her purported place of employment in Massachusetts. The Middlesex County officer's return of service stated:

I hereby certify and return that on 12/02/96 at 11:10am I served a true and attested copy of the summons/PETITION in this action in the following manner: To wit, by delivering in hand to BOB MARTIN, KEEPER OF RECORDS, agent, person in charge at the time of service for BROWN, CONSTANCE, C/O IMCHCAPE TESTING SERVICE, 593 MASSACHUSETTS AV., BOXBOROUGH, MA.

Defendant, without consenting to jurisdiction, filed on December 18, 1996, by a special appearance through her attorney, a Motion to Dismiss the action. Defendant asserted a lack of jurisdiction over her as a result of insufficient service of process. The motion

was never ruled on as Plaintiff thereafter requested that a pluries summons be served on Defendant at the same purported place of her employment in Massachusetts where service was earlier attempted. The second return of service stated:

I hereby certify and return that on 02/24/97 at 10:15am I served a true and attested copy of the PETITION AND SUMMONS in this action in the following manner: To wit, by delivering in hand to ROLAND GUBISCH, agent, person in charge at the time of service for BROWN, CONSTANCE, AT IMCHCAPE TESTING SERVICE, 593 MASSACHUSETTS AVENUE, BOXBOROUGH, MA.

The matter was set for a trial date of April 9, 1997, and both parties were notified of the trial date through their attorneys of record. Plaintiff obtained a default judgment against Defendant for rents of $11,200 and damages of $4585.80, plus attorney's fees of $1000 and court costs.

■ Defendant filed a Motion to Set Aside the Default Judgment seven months later in November 1997, alleging the trial court lacked jurisdiction over her due to Plaintiff's failure to serve process upon her. Both Plaintiff and Defendant contend on appeal the April 1997 judgment was not a default judgment because Defendant filed a responsive pleading, a Motion to Dismiss, thereby contesting Plaintiff's action. *See* Rule 74.05(a).

■ It is true a party who has filed a responsive pleading is not in default even upon failure to appear in court. *Wilson v. Wilson,* 925 S.W.2d 218, 219 (Mo.App.1996); *see also Faris v. Dewitt,* 947 S.W.2d 847, 850 (Mo.App.1997). It is irrelevant, however, whether or not Defendant's Motion to Dismiss is considered a responsive pleading, for if the service of process is improper, the judgment, whether default or otherwise, would be void.

The trial court denied the Motion to Set Aside. Defendant's Motion to Reconsider was likewise denied. Defendant thereafter filed this appeal, challenging the trial court's denial of her Motion to Set Aside the default judgment.

■ In her sole point on appeal, Defendant argues the trial court erred and exceeded its jurisdiction in entering a default judgment against her due to insufficient service of process in that the trial court lacked personal jurisdiction over her. Service of process is a prerequisite to jurisdiction over either the person or property of the defendant. *Walker v. Gruner,* 875 S.W.2d 587, 588 (Mo.App.1994). Absent a general appearance or other waiver of process by the defendant, there must be service of process in an authorized manner in order for the court to acquire jurisdiction to determine the rights and liabilities of the defendant. *Id.*

■ A judgment entered against a party by a court lacking personal jurisdiction over such party is void. *Hill Behan Lumber Co. v. Bankhead,* 884 S.W.2d 318, 322 (Mo.App. 1994). A default judgment, being void due to lack of jurisdiction, remains void forever, and any kind of proceeding to cancel it is proper. *Id.*

Rule 54.14 governs personal service outside of the state. Rule 54.14(b) directs us to Rule 54.13(b) to determine upon whom service is to be made for an individual. Rule 54.13(b)(1) states:

**(b) How and on Whom Made.** Personal service within the state shall be made as follows:

(1) On Individual. Upon an individual ... by delivering a copy of the summons and petition personally to the individual. Or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

Both returns of service reflect that none of the methods in Rule 54.13(b)(1) were followed. Defendant was not served personally. The returns also do not show that a copy of the summons and petition was left at Defendant's dwelling house with some person of Defendant's family over the age of fifteen

years. Finally, the returns do not reflect that a copy of the summons and petition was delivered to anyone designated by Defendant to receive service of process on her behalf. Rather, the returns show the sheriff served, on two separate occasions, two different people at her place of employment. These people were ambiguously designated as "keeper of records, agent, person in charge" in the first instance and "agent, person in charge" in the second. There is no indication in the record that Defendant authorized these people to serve as her agents for receiving service of process, or that those who were served were acting as agents of a company of which she had ownership.

 As Defendant was not served in accordance with the Rules, the trial court was without authority to proceed against her. *See State ex rel. Ill. Farmers v. Gallagher*, 811 S.W.2d 353, 354 (Mo. banc 1991). Furthermore, the insufficient service of process was not waived by a special appearance by Defendant in filing a Motion to Dismiss. Defendant clearly stated in her motion she was not consenting to the trial court's jurisdiction. *See State ex rel. Sperandio*, 581 S.W.2d 377, 384 (Mo. banc 1979). Therefore, the default judgment entered against Defendant was void from its inception.

Plaintiff argues Defendant waived the defense of insufficient service of process by not calling up for hearing her Motion to Dismiss. Having waived the defense, Plaintiff asserts Defendant could not reassert it in her Motion to Set Aside.

 The general rule is that a party may waive or abandon a motion by failing to proceed with it. *See Vermillion v. Burlington Northern R. Co.*, 813 S.W.2d 947, 949 (Mo.App.1991); *Hayes v. Cardwell*, 575 S.W.2d 816, 821 n. 6 (Mo.App.1978); *Rice v. James*, 844 S.W.2d 64, 66 (Mo.App.1992). These cases, which are cited by Plaintiff in support of this general rule, however, are inapposite to our case. Defendant's defense is lack of personal jurisdiction, and none of these cited cases involved motions containing such a defense. A defendant may waive personal jurisdiction when she is before the court and fails properly to raise the issue. *Sullenger v. Cooke Sales & Service Co.*, 646

S.W.2d 85, 88 (Mo. banc 1983), *overruled on other grounds, State ex rel. DePaul Health Ctr. v. Mummert*, 870 S.W.2d 820, 822 (Mo. banc 1994). In this case, however, Defendant properly raised the issue of lack of personal jurisdiction at every opportunity that she was before the court. Therefore, there was no waiver of her lack of personal jurisdiction defense. *Id.*

The judgment of the trial court is reversed and remanded with instructions to grant Defendant's Motion to Set Aside the Default Judgment.

HOFF, P.J., and GARY M. GAERTNER, J., concur.