**Elva MILBOURN, Respondent,**

v.

**Clinton MILBOURN, Appellant.**

**No. WD 69249.**

Missouri Court of Appeals, Western District.

Oct. 14, 2008.

Michaela C. Shelton–Sinkhorn, Overland Park, KS, for Appellant.

Lloyd Koelker, Kansas City, MO, for Respondent.

Before JAMES M. SMART, JR., P.J., LISA WHITE HARDWICK, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Clinton Milbourn (Husband) appeals from the judgment entered by the circuit court denying his motion to vacate or set aside the judgment of dissolution of marriage from Elva Milbourn (Wife). Husband asserts that the circuit court erred in denying his motion to vacate and set aside the judgment of dissolution because (1) the circuit court lacked subject matter jurisdiction, (2) the circuit court lacked personal jurisdiction, and (3) the circuit court misapplied the law when it set aside its judgment of dismissal of Wife's petition for dissolution. We reverse and remand.

Husband and Wife were married on July 12, 2002, in Wichita, Kansas. Their only child, K.M. (Child), was born on August 16, 2002. In 2004, the family relocated to Missouri. On September 28, 2004, Husband filed his first petition for dissolution in Jackson County, Missouri. On June 2, 2005, Husband's first petition for dissolution was dismissed for want of prosecution. On June 29, 2005, Husband filed his second petition for dissolution in Jackson County, which was dismissed April 4, 2006, on Husband's motion.

After their separation, Wife temporarily moved to be with family in Colony, Kansas. Husband and Child continued to reside in Missouri through most of 2006. It is unknown exactly when Husband and Child moved from Missouri. On September 15, 2006, Wife filed her petition for dissolution in Jackson County, Missouri. In her petition, Wife alleged:

[T]he minor child resided in Missouri with Respondent at least until a believed move out of state sometime between February 18 and March 17 and it is petitioner's understanding that a new living situation out of state was not acquired until after March 17, 2006, and thus Missouri had been the home state of said child within six (6) months of the herein filing.

Wife further alleged that because Missouri had been the home of the child within six months of the filing of her petition that jurisdiction is appropriate in Missouri under the Uniform Child Custody Jurisdiction Act (UCCJA).

On March 5, 2007, the circuit court dismissed Wife's action for failure to prosecute. Wife subsequently filed a motion to set aside or vacate the dismissal which was granted by the circuit court on April 5, 2007.

On July 25, 2007, the circuit court entered its judgment and decree of dissolution of marriage. At the hearing, the circuit court noted that Husband had been served in Tennessee on April 20, 2007. The circuit court found that Husband had not filed an answer and was in default. In finding jurisdiction over the parties and the subject matter, the circuit court stated:

Petitioner has been a resident of the State of Missouri for more than 90 days immediately preceding the filing of the petition for dissolution of marriage, and more than 30 days has passed since serve [sic] upon the Respondent. The Court has jurisdiction to make a custody determination under the Uniform Child Custody Jurisdiction Act (UCCJA), Mo. Rev. Statutes Sections 452.440 through 452.550, along with the Parental Kidnapping Prevention Act, 28 U.S.C.A., Section 1738A, per the additional findings of this Court.

The circuit court found that Husband left Missouri without notification to Wife sometime after March 2006 and within six months of the filing of Wife's petition. The circuit court also found that Husband had moved several times with Child without creating a new domicile, until after Wife filed her petition for dissolution, and that he had secreted the child preventing any and all contact between Wife and Child in excess of one year. Further, the circuit court found that these circumstances gave rise to "emergency" jurisdiction under the UCCJA. In addition to dissolving the marriage, the circuit court granted Wife sole legal and physical custody of Child.

On August 15, 2007, Husband filed a motion to vacate requesting that the circuit court quash personal service and dismiss the case. In support of his motion, Husband alleged that he moved from Missouri to Utah in February 2006. In his affidavit submitted in support of the motion, Husband claimed that he resided in Nebraska since March 2006. On June 26, 2007, Husband filed a petition for dissolution in Douglass County, Nebraska. But, Husband filed a motion to dismiss in the prior Jackson County case, Clinton Milbourn and Elva Milbourn, 0516FC–06326, where he alleged under oath that he relocated to Las Vegas, Nevada, on February 16, 2006. The verification on that motion states that it was signed in Nevada by an Illinois notary public. In the present case, Husband made no mention of his move to Las Vegas.

On November 30, 2007, the circuit court held an evidentiary hearing on Husband's motion to vacate, but Husband only appeared by counsel and failed to appear in person. The circuit court proceeded with the hearing and later entered judgment denying Husband's motion. In denying his motion, the circuit court found that Husband did not present any evidence and that it could not consider the attachments and the affidavits supporting Husband's motion as evidence. The circuit court noted that Wife had been deprived of her opportunity to cross examine Husband or any witnesses regarding the attachments and affidavits. The circuit court further found:

> Even if the Court were to consider Respondent's assertions in his affidavit that he was a resident of Nebraska in March, 2006, the Court need only to look at Petitioner's motion to dismiss filed in the prior case, Clinton Milbourn and Elva Milbourn, 0516FC–06326. In that motion, Respondent alleges under oath that he relocated to Las Vegas, Nevada on February 16, 2006. The verification on that motion says it was signed in the State of Nevada, Clark County, yet notarized by an Illinois notary public. The affidavit and motion to dismiss, both allegedly under oath, are contradictory, making Respondent's allegations in his present motion suspect.
>
> The Court attempted to have an evidentiary hearing to make inquiry as to the jurisdictional issues raised by Respondent in his motion, but he failed to appear and present any evidence.

Husband appeals.

■ Although Husband asserts three points of error, his second point is dispositive of this appeal. In his second point contesting personal jurisdiction, Husband contends that the service was deficient due to a lack of attestation. Rule 54.20(b)(1) clearly states that foreign service requires attestation. Rule 54.20(b)(1) provides:

> Every officer to whom summons or other process shall be delivered for service outside the state shall make an affidavit before the clerk or judge of the court of which affiant is an officer or other person authorized to administer oaths in such state stating the time, place and manner of such service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where such service was made. The court may consider the affidavit or any other evidence in determining whether service has been properly made.

This rule requires the officer making the return to attest to his official character and authority to serve process within the state, as well as the place, time and manner of service. *Hill Behan Lumber Co. v. Bankhead*, 884 S.W.2d 318, 322 (Mo.App. 1994). Where the certification requirement is not met, the service is "manifestly deficient" and does not confer personal jurisdiction. *Id.*

■ The summons was issued on April 16, 2007. According to the return, service of process was allegedly made on April 20, 2007, by a deputy sheriff of Anderson County, Tennessee, whose return indicated service was made by leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of Husband with Mary Milbourn, a person of his family over the age of 15 years. It is clear from the return that the deputy sheriff failed to make an affidavit before the clerk or judge of the court or anyone who could administer an oath in Tennessee. Where the return is deficient on its face, the court acquires no jurisdiction. *Id.* at 323. A judgment entered against a party by a court lacking personal jurisdiction over such party is void. *Id.* at

322. The circuit court did not have personal jurisdiction over Husband when the default judgment and decree of dissolution was entered on July 25, 2007. As such, the judgment was void.

The order denying Husband's motion to vacate or set aside the judgment of dissolution is reversed and remanded to the circuit court with directions to relieve him from the default judgment in accordance with Rule 74.06.

All concur.