

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD38020
)
CALLIE MARIE FLOOD, ) **Filed: February 27, 2024**
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

Honorable David A. Cole

## REMANDED WITH DIRECTIONS

In four points on appeal, Callie Marie Flood ("Defendant") appeals the circuit court's order, entered more than nine months after Defendant was convicted of misdemeanor stealing, that ordered her to pay $21,000 in restitution. Because the circuit court purported to enter an order after it had lost jurisdiction over the matter, we remand the case with directions to vacate its invalid order.

### Background and Procedural Posture

On July 5, 2022, Defendant pleaded guilty to class-A misdemeanor stealing. *See* section 570.030.[1] That same day, the circuit court sentenced her to one year in jail,

---

[1] Unless otherwise indicated, all statutory references are to RSMo Cum. Supp. 2021.

suspended the execution of that sentence, and placed her on two years of unsupervised probation. The circuit court's written judgment entered that same day stated that Defendant was ordered to pay restitution in an amount "to be determined by [the] Court on 9/6/2022[.]"[2]

The court held its first restitution hearing on December 5, 2022, and it held the record open for another restitution hearing on January 3, 2023, to allow Defendant to have her witness testify. After those hearings had been completed, on March 23, 2023, nine months after Defendant was convicted, the circuit court entered the order that required Defendant to pay $21,000 in restitution. On March 29, 2023, Defendant filed a notice of appeal to challenge the circuit court's restitution order.

**Analysis**

Section 512.020(5), RSMo 2016, provides a right to appeal from any final judgment. In a criminal case, "[a] final judgment is *rendered* when the circuit court orally announces the judgment and imposes sentence in the presence of the defendant." ***State v. Vandergrift***, 669 S.W.3d 282, 289 (Mo. banc 2023). Rule 29.07(c) specifies that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence."[3]

In this case, the circuit court entered its written judgment on July 5, 2022. That written judgment contained all of the necessary requirements to satisfy a judgment of conviction under Rule 29.07(c) as it found Defendant guilty of the class-A misdemeanor of stealing and imposed a one-year sentence in the county jail, the execution of which

---

[2] The legal file does not include a written plea agreement, and no transcript of Defendant's guilty plea or the circuit court's oral pronouncement of sentence is provided.
[3] All rule references are to Missouri Court Rules (2022).

was suspended, and the circuit court placed Defendant on a two-year period of unsupervised probation.

Sections 559.105.1, 559.105.3, and 570.145.7(2) set forth procedures to collect restitution as part of a defendant's sentence. *State v. Forbes*, No. SC 99658, 2023 WL 4201542, at *5 n.12 (Mo. banc June 27, 2023). Although restitution may be included in a sentence, a specific amount must be set, *id.*, and restitution is not a *required* component of a final, criminal judgment. *See Vandergrift*, 669 S.W.3d at 289. In *Forbes*, our high court held that the circuit court's actions purporting to amend its judgment to add restitution was null and void because the court did not order an amount in restitution as part of its original sentence. No. SC 99658, 2023 WL 4201542, at *5 and n.12.

In sentencing Defendant on July 5, 2022, the circuit court stated in its written judgment that Defendant would pay restitution through the Office of the Prosecuting Attorney in an amount "to be determined by [the] Court on 9/6/2022 @ 1:00 p.m." Although that entry revealed that the circuit court *intended* to include a restitution requirement in its judgment, the failure to announce a specific amount was insufficient, and the finding of guilt, coupled with the suspended sentence of one year in the county jail constituted a final judgment. As a result, the circuit court had no authority to make any specific amount of restitution an enforceable part of Defendant's sentence.

"Appellate courts inherently have supervisory authority to confine a trial court to its jurisdiction[.]" *In re Estate of Shaw*, 256 S.W.3d 72, 77 (Mo. banc 2008).

> Moreover, orders and decrees that are void, and not merely erroneous, will be considered colorable and subject to being reviewed and reversed on appeal. *See In re Marriage of Southard,* 733 S.W.2d 867, 869 (Mo.App.1987). In this case, the court purported to enter orders after it had lost the ability to do so. As such, those orders are invalid.

*Id*; *accord* **State v. Joordens**, 347 S.W.3d 98, 101 (Mo. App. W.D. 2011).  The cause is remanded with directions to the circuit court to vacate the invalid March 23, 2023 restitution order.  *See* **Shaw**, 272 S.W.3d at 77 (remanding the cause with directions to the circuit court to vacate the invalid order entered without jurisdiction).

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS